TYSON, Judge.
Wayne Eugene Thomas, alias, was indicted and tried for forcibly ravishing the pros-ecutrix. The jury returned a verdict of “guilty of rape as charged in the indictment” and fixed his punishment at twenty years imprisonment in the penitentiary. This appeal followed.
The State’s evidence established that the prosecutrix was driving home alone from an office party at Bark’s Lounge on the night of August 27,1977, when she noticed a blue light flashing on a car behind her. When she stopped her car, a man, whom she positively identified in court as the appellant, came up to her car, showed her a badge and asked for her driver’s license. She noticed he was not in uniform and said, “You’re not a cop.” The appellant brandished a pistol and forced the prosecutrix at pistol point into his car. After driving to a ■ remote wooded area, the appellant forced the pros-ecutrix to have intercourse with him, then drove her back to her car and released her. The prosecutrix then drove to her mother s house and called the police.
The husband of the prosecutrix confirmed that he kept the children while his wife attended an office party. When she did not return home by 2:00 a. m., he got up and went looking for her and finally found her car. He notified the sheriff and later found his wife at her mother’s.
The appellant testified in his own behalf that he saw the prosecutrix’ car pull off the road and he stopped to see if she were having car trouble. Thomas, the appellant, stated that the prosecutrix suggested they drive somewhere else and have a drink. He indicated that when they parked they had intercourse, but that he did not force her in any way into this act.
I
The sole issue raised on appeal concerns the sufficiency of the affidavit upon which the search warrant of appellant’s car was issued. At no time prior to trial, during same, or by motion for new trial, were the affidavit and search warrant placed into evidence .or made a part of this record.
“[A]n affidavit and search warrant not contained in the record on appeal cannot be considered on review of the trial court’s ruling as to its sufficiency or any of the underlying circumstances supporting the warrant.”
Barbosa v. State, Ala.Cr.App., 331 So.2d. 811 (1976); Mayes v. State, Ala.Cr.App., 350 So.2d 339 (1977); McHellen v. State, Ala.Cr.App., 351 So.2d 689 (1977); Goodman v. State, Ala.Cr.App., 356 So.2d 691, cert. denied, 356 So.2d 698 (1978); and Turner v. State, 383 So.2d 393 (1980).
There is no error established by this record. See Harris v. State, Ala.Cr.App., 333 So.2d 871 (1976), and cases cited therein.
This cause is due to be and is hereby
AFFIRMED.
All the Judges concur.