This is an appeal by an indigent from a conviction of attempt to commit murder. After a plea of guilty, appellant was adjudged an habitual offender and sentenced to life without parole.
Briefly, the facts in this case show that the appellant, under the guise of using the telephone, entered the victim's home, grabbed her, and demanded money. When she replied that she did not have any, the appellant tore part of her clothes from her body and attempted to rape her at knife point. The victim struggled and the appellant stabbed her approximately twelve times in an attempt to cut her throat and broke a rocking chair over her head. The appellant then went into a room where the victim's infant child was crying, picked up the child, and turned and ran from the house when he heard the sound of a car driving up.
No contention is made that the guilty plea was involuntary. Nonetheless, we have examined the record and have found the plea to be voluntary and not induced or coerced. The record shows court Exhibit A, or an "Ireland Form" outlining the appellant's rights in compliance with Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Also the record indicates that the questions by the judge and answers by the appellant demonstrate that the appellant understood the rights he was waiving by his plea of guilty. Under these circumstances, we believe the plea of guilty was in complete compliance with Boykin, supra.
At the sentencing hearing for the determination of whether the appellant was to be treated as an habitual offender under §13A-5-9, Code of Alabama 1975, the appellant admitted he had been previously convicted of six felonies, to-wit: five burglaries in the second degree and one grand larceny.
 I
The appellant's only contention is that the Alabama Habitual Felony Offender Act is unconstitutional because it does not subject drug offenders to the enhanced punishment all other offenders receive for repeated felonies. Appellant claims that this difference in treatment denies him equal *Page 947 
protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.
In our judgment, however, no equal protection question is presented because we hold that the legislature did not intend to exclude drug-related offenses from the operation of the Habitual Felony Offender Act. Section 13A-5-9, supra, directs that "a criminal defendant [who] has been previously convicted of any felony" be punished according to its terms. Under §20-2-70, Code of Alabama 1975, all narcotic offenses not specifically excluded are felonies. Section 20-2-70 provides:
 "[A]ny person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony. . . ."
Thus, the legislature intended that all felons, whether drug offenders or otherwise, be subject to enhanced punishment under the Alabama Habitual Felony Offender Act when prior convictions have been shown. It is also clear that the legislature intended to provide for the classification of offenses defined outside Title 13A. Section 13A-5-4, Code of Alabama 1975, states:
 "Any offense defined outside this title which is declared by law to be a felony without specification of its classification or punishment is punishable as a Class C felony." [Emphasis added]
Therefore, for enhancement purposes under Alabama's Habitual Felony Offender Act, as the law pertains today, narcotic offenses are to be considered Class C felonies.
The fact that there is a lack of complete classification of drug offenses does not make a narcotics violation any less a felony or the perpetrator any less an habitual offender. The drug offender, therefore, is no less subject to the recidivist penalties than any other repeat felon. To hold otherwise would undercut the very purpose of the Alabama Habitual Felony Offender Act.
Therefore, for the foregoing reasons, the judgment of conviction by the Marshall Circuit Court, Albertville Division, is affirmed.
AFFIRMED.
All the Judges concur.