[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 186 
This is an appeal from a conviction under an indictment charging the appellant with the unlawful possession of "1.3 grams of marijuana, a controlled substance, contrary to and in violation of the provisions of the Alabama Uniform Controlled Substances Act, in violation of Section 20-2-70 of the Code of Alabama 1975." The trial court submitted to the jury not only the issue of the defendant's guilt but also the question whether the marijuana allegedly possessed by defendant was possessed by him for his personal use only. Defendant was adjudged guilty of a felony and sentenced to imprisonment for fifteen years, it having been shown at the sentence hearing that defendant had been previously convicted of three felonies.
The undisputed evidence shows that law enforcement authorities had obtained a search warrant of an apartment in an apartment building in Pinson, Jefferson County, Alabama, and upon their execution of that warrant they found in the locked apartment the defendant and a female companion. The following is a part of the testimony of one of the officers:
 "I opened the door, there is a straight shot down the hallway of the apartment building. I saw a — I didn't know if it was a male or a female dart run across the hall into a room. At that point we used back there myself and David Luker and McAdams and got a black female and a black male out of the bedroom, got the female out of the first bedroom and got the black male out of the back bedroom."
The marijuana was found in the back bedroom of the apartment. A witness testified that there was clothing for men and women in the closet of that bedroom, that at the time he entered the room the TV was playing, that "There was a cold drink on top of the television and there was a pair of men's shoes under the television." He further testified that "There was clothing throughout the bedroom, bathroom and closet, both men's and women's."
 I
We agree with the legal proposition relied upon by appellant that if the evidence does no more than furnish basis for "suspicion, surmise or conjecture" that defendant is guilty, he should not be convicted, but we disagree with his conclusion that such proposition is applicable here. The circumstances as a whole were sufficient to convince a jury that defendant was not just a momentary visitor in the particular apartment where the marijuana was found and that he, either singly or jointly with the other occupant, had constructive possession of the drug. Appellant's present position would be stronger if, at the time of the search by the officers, there had been evidence that the apartment was owned or rented by the other occupant, rather than appellant, but the evidence was silent on this point. This fact distinguishes the instant case from Parks v.State, 46 Ala. App. 722, 248 So.2d 761, cited by appellant.
 II
Appellant questions the sufficiency of the evidence to establish the chain of possession by the officers of the marijuana found in the apartment. One of them testified:
 "I kept it in my possession and I took those items from him [another officer present at the time], sealed them up in an envelope and wrote on the front of it certain information that it required, and I locked it in the trunk of my car, my UNCO vehicle.
"Q. How did you package that particular substance?
"A. I placed it in an envelope.
"Q. What kind of envelope did you place it in?
 "A. It's a Manila envelope that we have at our office and I put another envelope on the top of it with certain information *Page 187 
that is required by our office. Then, I sealed it and initialed it on the back."
The witness testified that he then put the envelope in the trunk of his car until the following Monday when he gave it to the toxicologist who testified that the chemical analysis of the material proved that it was marijuana.
Thus, the chain of custody was established by this evidence.
 III
Appellant next challenges the sufficiency of the affidavit justifying the issuance of the search warrant. The transcript does not include a copy of the search warrant or the affidavit upon which it is based. As we have often observed, an affidavit or search warrant not contained in the record cannot be reviewed by this court as to its sufficiency or as to the facts supporting the warrant. Thomas v. State, 383 So.2d 214
(Ala.Cr.App. 1980).
 IV
Appellant states his next issue as follows:
 "May the State obtain a search warrant alleging drugs, (talwin and cocaine), when the true purpose is to arrest an alleged FBI fugitive, Deborah Annsenetta Williams?"
He bases his contention upon that part of the testimony of the officer procuring the search warrant which reads:
 "Mr. Carson, you had a search warrant at about, approximately, 4:00 or thereabouts you search this location. The two Federal Bureau of Investigation Agents, they were with you, were they looking for drugs or were they along for some other reason?
"A. At my request.
 "Q. Mr. Carson, isn't it a fact that they thought this Deborah, was a fugitive from justice?
"A. I thought that.
"Q. You thought it?
"A. Yes, sir.
Although the above-quoted testimony indicates that "a dual purpose existed to say the least, or a trumphed [sic] up purpose of looking for drugs, to enter the house so the FBI agents could arrest the alleged fugitive," we cannot say thatthere was such a trumped up purpose.
 V
Appellant apparently contends that possession of a small amount of marijuana should be a misdemeanor. The law is clear that showing possession for personal use is a matter of defense; the burden of proof as to this statutory exception is on the accused. Roberts v. State, 349 So.2d 89 (Ala.Cr.App. 1977). Also found in the apartment searched in this case were a dietetic scale, mannite (a substance used to dilute cocaine), papers and a pipe. The appellant did not testify.
 VI
The sixth issue presented by appellant is thus stated in his brief: "Was the verdict of the jury contrary to the law?" He makes substantially the same argument and relies largely upon the same case that we have considered in I above. He cites the additional authority of Rueffert v. State, 46 Ala. App. 36,237 So.2d 520 (1970) for the established principle that in order for the defendant to have been guilty of the "constructive possession" of marijuana, he must have known of its "presence." As indicated in I above, we are of the opinion that the circumstances shown by the evidence were sufficient to provide substantial evidence that appellant knew of the presence of the marijuana.
 VII
In his short argument as to this next issue, appellant says, "The tip of a drug user was not properly corroborated so that a search warrant could be issued" and that "the real purpose was not drugs, but to get into the apartment and arrest the alleged fugitive." We have considered the first quoted part of his argument in III above and the second part of his argument in IV *Page 188 
above. We are unable to agree with either part of appellant's argument. Furthermore, we do not agree with the last of appellant's arguments as to his seventh issue, wherein he simply states, "The jury verdict was contrary to the great weight of the evidence."
 VIII
In a one-paragraph argument, appellant attempts to convince us that "the jury was caused to convict the appellant based on bias, prejudice, and improper motive, and was contrary to the great preponderance of the evidence." We are not convinced that the verdict was contrary to the great preponderance of the evidence. We also disagree with appellant's conclusion that the verdict was "based on bias, prejudice, and improper motive." Our attention is not specifically called to any statement or occurrence that reflects any bias, prejudice, or improper motive on the part of anyone connected with the case. The mere fact that an individual may have had strong convictions in favor of law enforcement and law observance does not permit a just conclusion that he acted with bias, prejudice, or improper motive.
 IX
Appellant's ninth issue pertains to the action of the court in sentencing defendant to imprisonment for a period of fifteen years. Much attention was given to the extent of the punishment both at the sentencing and upon the hearing of the defendant's motion for new trial. The state, after due notice, invoked the Habitual Felony Offender Act, and there was considerable argument as to whether the Act was applicable under the circumstances, particularly since two of the three previous felony convictions of the defendant were for the possession of marijuana. All concerned apparently took note of the fact that under the Controlled Substances Act, the maximum term of imprisonment for punishment for a felony "conviction for the first offense" is 15 years. (Code § 20-2-70 (a)). It appears also that all concerned took note of the fact that pursuant to the Habitual Felony Offenders Act, if said Act is applicable in the instant case, the appellant's three previous felony convictions necessitated that he "be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years." (Code § 13A-5-9 (c)(1)). Counsel for the state insisted that the law as to habitual felony offenders should apply. Counsel for defendant argued to the contrary.
The question as to the legality or appropriateness of the punishment, imprisonment for fifteen years, was raised again in the trial court, this time on defendant's motion for a new trial. At that time counsel for defendant who had represented him on the trial of the case had been replaced by his present counsel, who was appointed by the trial court between the time of trial and the motion for a new trial. After considerable argument by counsel for the State and counsel for defendant, they were still in disagreement as to whether the statutory limits of the punishment should be in accordance with the Habitual Felony Offenders Act or in accordance with the Controlled Substances Act. The trial court said:
 "This court should never be presumptuous enough to overrule the Alabama Court of Criminal Appeals, especially if the Supreme Court has denied cert. However, in recording this particular case, this court charged on the possession of marijuana for personal use, a misdemeanor, and the jury chose not to find this defendant guilty, and in fixing the punishment the court was very careful not to go over the statutory limit for the punishment fixed in the 20-22-70, so I fixed in only at fifteen years.
"Motion for new trial hereby denied."
Perhaps, in the light of the last quoted statement of the trial court, we could well affirm this judgment on the theory that whether or not the Habitual Felony Offenders Act was applicable the punishment imposed was lawful, just and appropriate under the Controlled Substances Act. Nevertheless, we think we should go further and resolve the dispute between the *Page 189 
parties on the subject, as well as any doubt that may have been in the court's mind. We now decide, in accordance with Palmerv. State, 54 Ala. App. 707, 312 So.2d 399 (1975), followed byKidd v. State, 398 So.2d 349 (Ala.Cr.App.), cert. denied,398 So.2d 353 (Ala. 1981), that the "second or subsequent offense" punishment prescribed by the statutory law as to controlled substances is not applicable in the instant case but that the law pertaining to habitual felony offenders is. This is made clear in the opinion of Judge Tyson in Palmer v. State, supra, at 312 So.2d 405-6 as follows:
 "For clarity, each of the Judges of this Court concurs in the following observations with reference to Section 401 (a) and (b), of Act No. 1407, Acts of Alabama 1971, Regular Session:
"1. . . .
 "2. That Section 401 (a) and (b) of said Act (Title 22, Section 258 (47), Code of Alabama 1940, as amended 1971), is controlling as to the possession of marihuana for personal use on first offense, and also for punishment for subsequent offenses for possession offenses relating to the possession of marihuana.
 "3. That Section 407 (a) and (b) of Act No. 1407, Acts of Alabama 1971, Regular Session, (Title 22, Section 258 (33), Code of Alabama 1940, as amended, 1971), is controlling as to punishment for other types of narcotic drugs or drug offenses relating to marihuana other than possession of same."
The trial court was not in error in fixing defendant's punishment at imprisonment for fifteen years. According to the applicable law, he could have given more but he could not have given less.
We do not agree with appellant's contention that defendant was denied equal protection of the laws by the fact that the other person in the apartment with appellant at the time of their arrest was allowed to plead guilty to misdemeanor possession and was allowed to pay a $100 fine in a plea bargaining arrangement while the state insisted on a felony conviction and the resulting sentence for this appellant. The only authority cited by appellant on the point, Opinion of theJustices, No. 293, Ala., 410 So.2d 60, is inapposite. The cited opinion involved a bill in the House of Representatives that provided "that certain judicial officers convicted of a felony shall receive the mandatory sentence of imprisonment equal to the minimum time prescribed for said felony." The Alabama Supreme Court said:
 "While the Legislature has a broad discretion to classify and provide a special punishment for a special class of offenders, such as minors, convicts and habitual offenders, there is no fact contained in your request for this opinion which shows a reasonable basis for a law which would single out members of the judiciary for special punishment as a class. . . ."
In the instant case, there is every good reason to believe that the prosecution would have had a harder case against her than it did against the appellant, in that he was closer than she to the marijuana at the time it was found and there were circumstances to indicate that of the two he was the dominant party. Moreover, although she had had a prior marijuana conviction, the appellant had had three prior felony convictions.
 X
As to his next issue, appellant concludes with the sentence:
 "I submit to this Honorable Court that Title 20 does provide enhanced punishment and the amount of marijuana one possesses does have a bearing and equally true a small amount should have a presumption that it would be for personal use only."
We have considered the question of whether Title 20 provides enhanced punishment in IX above; the rest of the sentence just quoted in appellant's brief was considered by us in I and V above. In accordance with what we have already stated, we disagree with appellant as to each of the two prongs of this issue. *Page 190 
 XI
Any comfort appellant finds in Luker v. State, 344 So.2d 1219
(Ala.Cr.App. 1976), writ quashed, 344 So.2d 1224 (Ala. 1977), in which appellant's enhanced punishment was imposed in accordance with the applicable provision of the Controlled Substances Act, is unmerited, for the reason that, as explained above, such provision, though applicable in Luker v. State, is not applicable in cases of felony convictions of possession of marijuana. Luker v. State, supra, was not a marijuana case.
 XII
Appellant challenges the sentence as "cruel and unusual punishment" and cites in support of his contention People v.Lorentzen, 387 Mich. 167, 194 N.W.2d 827 (1972); Carvajal v.State, Fla.App., 392 So.2d 287 (1981); State v. Weigel,228 Kan. 194, 195, 612 P.2d 636 (1980). In none of the three cases cited was a recidivist statute involved.
The judgment of the trial court should be affirmed.
AFFIRMED.
All the Judges concur.