HUBERT TAYLOR, Judge.
Appellant, Roy Kenneth Lott, was convicted of the possession of marijuana for his personal use and sentenced to fifteen years in the penitentiary. Two issues are raised on appeal.
I
The indictment reads in part as follows: “Roy Kenneth Lott ... did have in his possession marijuana....” The trial judge, during his oral charge, instructed the jury on the lesser included offense of possession of marijuana for personal use. Pertinent parts of the charge are as follows:
“Now also included in that charge of possession of marijuana is a lesser included charge of possession of marijuana for his own personal use. The lesser charge is ... an integral part of the indictment and I will also define to you the elements that go to make up that lesser included charge.... [I]f you are convinced beyond a reasonable doubt that the Defendant is guilty of possession of marijuana, but that he possessed such marijuana for his own personal use, you would not find the Defendant guilty of possession of marijuana as is charged in the indictment.... If that is your formal verdict, then, that formal verdict would read, ‘We, the jury, find the Defendant guilty of possession of marijuana for his own personal use.’ ”
The jury returned a formal verdict in the above quoted form. At a later sentencing hearing, after evidence of prior drug convictions was introduced, Lott was given fifteen years in the penitentiary.
Lott contends that the jury found him guilty of a misdemeanor but that he was sentenced on the basis of a felony. Although we agree that the charge on possession for personal use should not have been given and that it was misleading, it does not amount to reversible error. Section 20-2-70, Code of Alabama 1975, after referring to the penalty for the first conviction of possession for personal use, says, “[T]he penalties for the subsequent offenses relating to possession of marihuana shall be the same as specified in the first sentence of this subsection.”
The meaning of this language is that had Lott been originally indicted on charges of possession for personal use and the same oral charges given to the jury, the mandatory penalty would be invoked. Therefore, it cannot be said that Lott was prejudiced because he was indicted under general statutory language but convicted on the basis of a more specific oral charge when that same oral charge normally embraces an offense that would support the penalty he received.
II
Lott’s second issue is that the Habitual Felony Offender Act is erroneously applied to those convicted of drug offenses. This was decided adversely to Lott in Motley v. State, 409 So.2d 945 (Ala.Cr.App.1981).
The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.