BOWEN, Presiding Judge.
Ronnie Terry Norris, the appellant, was indicted and convicted for the unlawful possession of marijuana. Sentence was six years’ imprisonment. Two issues are presented on appeal.
I
Norris argues that there was no evidence of criminal intent because he was totally ignorant of the fact that the stalks of green plant material in the back seat of his Volkswagon were marijuana. Since there was no motion to exclude the State’s evidence at the close of the State’s evidence, we may consider all the evidence presented at trial in determining this issue. Hinds v. State, 423 So.2d 1382, 1385 (Ala.Crim.App.1982).
When Norris was stopped by a Cov-ington County Deputy Sheriff there were thirteen full length stalks of marijuana in the back seat of his automobile. These stalks could be observed through the windows. When stopped, Norris met the deputy at the rear of his car, “turned around and pointed to the rear windshield of his car and said that is not my dope, I just found it.” When he was arrested a “large lump” or “handful” of marijuana was found in his pocket. This evidence was presented by the State and it was sufficient, in and of itself, to present prima facie evidence of intent. Norris’ statement “that is not my dope” supports a rational inference that he knew the stalks were marijuana. Roberts v. State, 349 So.2d 89 (Ala.Crim.App.), cert. denied, Ex parte Roberts, 349 So.2d 94 (Ala.1977). Cf. Campbell v. State, 439 So.2d 723 (Ala.1983). Also, the fact that marijuana was found in Norris’ pocket places it of necessity within his domination or physical control and “raises a presumption that he placed the substance there and that he knew what it was.” Chatom v. State, 360 So.2d 1068, 1073 (Ala.Crim.App.), cert. denied, Ex parte Chatom, 360 So.2d 1074 (Ala.1978).
In his defense, Norris testified that he was doing “road work” and cutting bushes for the county when he discovered “these tall plants.” He broke the top out of one, took it back to the “shop”, and “asked some people at the shop about it and all, and they said yes —.” Norris then drove back to the area where he discovered the plants, pulled up thirteen plants, and placed them in his car “(t)o cheek it out and see what it was. Ask some people what it was.”
-Under these facts and circumstances, the issue of Norris’ knowledge that the plants were actually marijuana was a jury question.
II
Norris argues that “any kind of felony sentence would be excessive here since there was no way to tell whether this particular custodian was going to smoke up these 13 stalks or just what.” “In Alabama, in a prosecution for illegal possession of marijuana, there is a presumption that the possession is for other than personal use. The showing of possession for personal use is a defensive matter and the burden of proving this matter is upon the defendant.” Barnett v. State, 373 So.2d 1226, 1227 (Ala.Crim.App.), cert. denied, 373 So.2d 1230 (Ala.1979).
Here, the marijuana found in Norris’ pocket weighed 2.7 grams. Just the leaves that were stripped from the thirteen stalks weighed 2.67 pounds. Norris could have been prosecuted for trafficking in marijuana and, on conviction, been sentenced to “a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $25,000.00.” Alabama Code § 20-2-80(l)(a) (1975).
Additionally, Norris was sentenced as an habitual offender with one prior conviction and was subject to a term of imprisonment of not more than twenty years nor less than two years. Alabama Code § 13A-5- *228 6(a)(2); § 13A-5-9(a)(l) (1975). See Peoples v. State, 415 So.2d 1230 (Ala.Crim. App.1982). The sentence in this case does not violate the principles of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.