BOWEN, Presiding Judge.
Richard Chambers was indicted for trafficking in marijuana. A jury found him guilty of felony possession. Sentence was twenty years’ imprisonment and a $10,000 fine. Two issues are raised on this appeal from that conviction.
I
The State proved that 308.93 ounces of marijuana were seized pursuant to a search warrant. In the “red house,” 8.33 ounces of marijuana were found. It is undisputed that Chambers and his family lived in this house and that Chambers admitted owning this marijuana. In a green Chevrolet, 47.6 ounces of marijuana were found. In the “green house,” located eight to ten feet from the red house, 253 ounces were found. Chambers contends that the search of the green house was illegal because the search warrant only described the red house as the place to be searched.
The search warrant is improvidently drawn and carelessly worded. However, Chambers has failed to show that he has any standing to complain about the search of the green building — a building in which he in effect disclaimed any expectation of privacy. Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); United States v. Payner, 447 U.S. 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (1980); Collier v. State, 413 So.2d 396 (Ala.Cr.App.1981), affirmed, Ex parte Collier, 413 So.2d 403 (Ala.1982).
The jury accepted Chambers’ defense and only found him guilty of possessing the marijuana found in the house which Chambers admitted was his. Possession of either the marijuana found in the car or that found in the green house would have compelled a verdict of guilty of trafficking. Because Chambers obviously was not prejudiced by the introduction of that marijuana, any error in seizing the marijuana found either in the green house or the car was harmless. Rule 45, A.R.A.P.
II
Chambers was properly sentenced as a habitual offender pursuant to § 13A-5-9(a)(1), Code of Alabama 1975. “[T]he legislature intended that all felons, whether drug offenders or otherwise, be subject to enhanced punishment under the Alabama Habitual Felony Offender Act when prior convictions have been shown.” Motley v. State, 409 So.2d 945, 947 (Ala.Cr.App.1981) (emphasis in original). That act does apply to drug offenses involving marijuana. Norris v. State, 455 So.2d 226, 227-28 (Ala.Cr.App.1984). See also Lott v. State, 471 So.2d 481, 482 (Ala.Cr.App.1984); *313 Sturdivant v. State, 439 So.2d 184, 189 (Ala.Cr.App.1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.