We granted the writ in this case to consider whether it was proper for the trial court to apply the punishment enhancement provisions of Code of 1975, § 13A-5-9(a)(1), in sentencing the petitioner, who was convicted of a drug offense. We reverse and remand.
 Petitioner, Richard Chambers, was indicted for trafficking in marihuana, but a jury found him guilty only of felony possession. The State proved a prior drug offense, and, pursuant to § 13A-5-9(a)(1), (hereinafter the "Habitual Felony Offender Act"), the trial court sentenced the petitioner as a habitual offender to 20 years' imprisonment and a $10,000 fine. In the portion of its opinion upholding petitioner's sentence under the Habitual Felony Offender Act, the Court of Criminal Appeals quoted from its decision in Motley v. State, 409 So.2d 945, 947 (Ala.Crim.App. 1981):
 "[T]he legislature intended that all felons, whether drug offenders or otherwise, be subject to enhanced punishment under the Alabama Habitual Felony Offender Act when prior convictions have been shown."
 (Emphasis added in Chambers.) 522 So.2d 311. Petitioner contends that the Habitual Felony Offender Statute is inapplicable to enhance his conviction for a drug-related offense on account of a prior drug-related offense. We agree, for the reasons that follow.
 At the petitioner's sentencing hearing, the State presented sufficient documentary evidence to establish that the petitioner had a prior conviction in Florida for the offense of "sale of a hallucinogenic drug," which had been affirmed by the Florida District Court of Appeals for the First District. Petitioner argues that he should have been sentenced according to the provisions of Code of 1975, § 20-2-70, which provides "that the penalties for the subsequent offenses relating to possession of marihuana shall be" imprisonment "for not less than two nor more than 15 years" and "in addition, [a fine of] not more than $25,000." Petitioner, however, apparently overlooks the fact that § 20-2-70 refers to "subsequent offenses relating to possession," not to sale of marihuana. Furthermore, petitioner has failed to establish that the "hallucinogenic drug" he was previously convicted for selling in Florida was, in fact, marihuana, as opposed to some other drug. We nevertheless, agree with petitioner that the Habitual Felony Offender Act is not the proper penalty enhancement provision to be applied in this case.[1]
 Because the offense of which petitioner was convicted is found in the Alabama Uniform Controlled Substances Act, § 20-2-1 et seq., specifically § 20-2-70, and his prior conviction related to hallucinogenic drugs, the only penalty enhancement provision that could have been applied against the petitioner in this case is § 20-2-76, which is the recidivist statute found within the Controlled Substances Act itself.
Accord, Luker v. State, 344 So.2d 1219, 1224 (Ala.Crim.App. 1976), writ quashed, 344 So.2d 1224 (Ala. 1977). Section 20-2-76 provides:
 "(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized or both.
 "(b) For purposes of this section, an offense is considered a second or subsequent offense, if prior to his conviction of the offense, the offender has at any time been convicted under this chapter *Page 315 or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs." (Emphasis added.)
 It is important to note that by the use of the language "may be imprisoned" in § 20-2-76(a), above, the imposition of that section by the trial court in sentencing the repeat drug offender is permissible and not mandatory. Luker v. State, 424 So.2d 662 (Ala.Crim.App. 1982), writ quashed, 424 So.2d 662
(Ala. 1983). The converse is true with respect to the Habitual Felony Offender Act, which is mandatory in that it provides that a repeat felony offender "must be punished" in accordance with its provisions. Watson v. State, 392 So.2d 1274
(Ala.Crim.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981).
 When the legislature revised the Criminal Code in 1977, particularly Title 13A, Chapter 5, having to do with punishments and sentences, it was well aware that the penalties set out in that chapter would not necessarily be applicable to all criminal offenses defined outside Title 13A. This is made clear in § 13A-5-1, which sets out the applicability of the provisions of Chapter 5:
 "(a) Every person convicted of any offense defined in this title, or defined outside this title shall be sentenced by the court in accordance with this article, unless otherwise specifically provided by law.
 "(b) Penal laws enacted after January 1, 1980 shall be classified for punishment purposes in accordance with this article."
 Particularly illuminating is the commentary to the above section, as it pertains to subsection (a):
 "Subsection (a) makes it clear that sentences for all offenses, both within and outside the Criminal Code, must be imposed in accordance with the Criminal Code, 'unless otherwise specifically provided by law.' Since all offenses defined in this Criminal Code have been specifically classified, the provision is aimed primarily at offenses outside the Criminal Code, i.e., sections of the Alabama Code of 1975 that are not repealed upon adoption of this Criminal Code. However, there will always be some exceptions where different, or special, sections may apply. For example, drug offenses are not covered in this Criminal code, but are governed by the Alabama Uniform Controlled Substances Act, § 20-2-1, et seq., which specifically provides for special penalties. Also, 'highway violations' is a category not integrated into this Code but is governed by Title 32, Motor Vehicles and Traffic." (Emphasis added.)
 Thus, it is clear that the legislature knew that because the Controlled Substances Act provided its own penalties, none of the provisions of Title 13A, Chapter 5, including the Habitual Felony Offender provisions, would apply to drug offenses. Under a clear reading of the pertinent sections and the commentary thereto, the penalties set out in Title 13A, Chapter 5, are applicable only to "outside" offenses where no particular punishment is specified. See the Commentary to § 13A-5-4:
 "To the extent that there are some crimes now found outside former Title 13 which have not been subsumed by the Criminal Code and which are not repealed, it is desirable that they be incorporated into the Criminal Code, at least those which specify no particular punishment." (Emphasis added.)
 See also, Dickerson v. State, 414 So.2d 998, 1005
(Ala.Crim.App. 1982), where the Court of Criminal Appeals, construing §§ 13A-5-1, -3, and -4, concluded:
 "A close reading of the commentaries following sections 13A-5-1, -3 and -4 reveals that the legislature, in enacting new laws under Title 13A, must conform their punishments and sentences to the provisions of Chapter 5 thereof. However, they make clear that for penal statutes enacted outside the scope of Title 13A, such is merely 'desirable.' They specifically note that drug offenses fall outside the scope of Title 13A and provide for their own special penalties.
 "Thus, it is apparent, § 13A-5-1(b) to the contrary, that the legislature intended *Page 316 
to classify all subsequent penal laws falling within the scope of Title 13A, but retained its authority not to do so with respect to those penal provisions enacted subsequent to its effective date falling outside its scope." (Emphasis added.)
 The Habitual Felony Offender Act, with its punishment enhancement provisions, is a penal statute, and must be strictly construed, especially in regard to its applicability to felony offenses outside the Criminal Code. A careful reading of the pertinent provisions of Title 13A, Chapter 5, along with the commentary thereto, makes it quite obvious that the legislature did not intend the Habitual Felony Offender Act to apply to felony drug offenses. That legislative intent is made unequivocal by the inclusion of a recidivist statute in the Controlled Substances Act itself, the enhancement provisions of which are plainly applicable to the facts of the present case.
 As noted supra, the Court of Criminal Appeals quoted from its decision in Motley v. State, supra. That court also cited three of its other decisions. We conclude, however, that Motley, supra, is not apt authority for applying the Habitual Felony Offender Act to this petitioner. The defendant in Motley was convicted of attempted murder, and he admitted to six prior felony convictions, none of which was a felony drug offense. Therefore, under the applicable provisions of the Habitual Felony Offender Act, the defendant in Motley was correctly sentenced to life without parole. The court in Motley disposed of the defendant's equal protection argument by holding that, because drug offenders are subject to the Habitual Felony Offender Act (a conclusion that was merely dicta in that case), that Act is not unconstitutional.
 The petitioner in this case was convicted of a felony drug offense, and the prior offense proved by the State was also a felony drug offense. Because the sentences applicable to drug offenses and repeat drug offenses are provided within the Controlled Substances Act, we hold that defendants convicted thereunder must be sentenced according to its provisions, not the sentencing provisions of Title 13A.[2] See § 13A-5-1, quoted supra. To the extent the following cases, and any others, are inconsistent with this holding, they are hereby overruled: Cade v. State, 491 So.2d 1075 (Ala.Crim.App. 1986); Lott v. State, 471 So.2d 481 (Ala.Crim.App. 1984); Files v. State, 468 So.2d 190 (Ala.Crim.App. 1984), cert. denied, 468 So.2d 196 (Ala. 1985); Norris v. State, 455 So.2d 226
(Ala.Crim.App. 1984); Willis v. State, 455 So.2d 914 (Ala.Crim.App. 1983), rev. on other grounds, 455 So.2d 917 (Ala. 1984); Sturdivant v. State, 439 So.2d 184 (Ala.Crim.App. 1983); Aplin v. State, 421 So.2d 1299 (Ala.Crim.App. 1981). On the other hand, Luker v. State, 344 So.2d 1219 (Ala.Crim.App. 1976), writ quashed, 344 So.2d 1224 (Ala. 1977), as well as Kidd v. State, 398 So.2d 349, 350 (Ala.Crim.App.), cert. denied, 398 So.2d 353 (Ala. 1981) (overruled on other grounds by Luker v. State, 424 So.2d 662 (Ala.Crim.App. 1982)), and Palmer v. State, 54 Ala. App. 707, 312 So.2d 399 (1975), are correct as to the punishment provisions held applicable in those cases.
 Based on the foregoing, the order sentencing the petitioner is reversed and the case is remanded to the Court of Criminal Appeals with directions to enter an order consistent with this opinion.
REVERSED AND REMANDED.
 MADDOX, JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., and ALMON, J., not sitting.
[1] We note that the State does not dispute petitioner's contention that he was sentenced as a habitual offender under § 13A-5-9(a)(1). Indeed, the State argues in its brief that §13A-5-9(a)(1) was properly applied by the trial court in sentencing the petitioner.
[2] We note that in this case we need not reach the issue of whether prior felony drug convictions can be used under the Habitual Felony Offender Statute to enhance the punishment for non-drug related felonies. *Page 317