The appellant was indicted by the Russell County grand jury for possession of marijuana, in violation of § 20-2-70, Code ofAlabama (1975). The appellant was convicted in a jury trial of the offense charged, and he was sentenced under the Habitual Felony Offender Act to a term of 10 years' imprisonment. Two issues are raised on this appeal.
 I.
The appellant contends that State's Exhibit No. 1, a small, clear plastic bag containing marijuana, was improperly admitted into evidence by the trial court. The appellant argues that the prosecution failed to establish a proper chain of custody for this evidence, and that it was therefore inadmissible. We disagree.
The record indicates that Officer Edward Bush testified that, in the early morning hours of December 6, 1986, he arrested the appellant for disorderly conduct. Officer Bush testified that, prior to placing the appellant into his squad car, he searched him for weapons, finding a small plastic bag containing green, leafy vegetable matter in the appellant's right rear pants pocket. Officer Bush said that he placed the evidence in his shirt pocket and that it remained there until he returned to the police station, at which time he put it into an evidence bag and obtained a property receipt. Officer Bush testified that he turned this evidence over to Sergeant McGarr at the first available opportunity. Bush also identified the evidence and the bag in which it was contained, noting his identifying marks on the bag itself and on the property receipt.
Sergeant McGarr testified that he was employed by the Phenix City Police Department, and that his primary duty was evidence custodian. Sergeant McGarr testified that, on December 9, 1986, he received the evidence bag containing State's Exhibit No. 1 from Officer Bush. McGarr testified that he signed the evidence receipt, logged *Page 1316 
the evidence into his evidence log, then stored it in the evidence room. McGarr also testified that the evidence was exclusively in his control until he personally delivered it to the state crime laboratory in Auburn. McGarr identified the evidence at trial as that which he had received from Officer Bush.
Taylor Noggle testified that he was a criminalist, as well as the drug chemistry coordinator, with the state crime laboratory in Auburn. Noggle testified that he received the evidence, now identified as State's Exhibit No. 1, from Ted Hudson, director of the Auburn laboratory, on January 5, 1987. Noggle testified that he analyzed the substance contained in the plastic bag taken from the appellant, determining that it was marijuana. Noggle stated that after performing this analysis he resealed and marked the evidence bag and returned it to Sergeant McGarr on January 29, 1987. He likewise identified the evidence at trial.
 "The purpose for requiring that the chain of custody be shown is to establish a reasonable probability that there has been no tampering with the evidence. Williams v. State, 375 So.2d 1257
(Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala. 1979); Tate v. State, 435 So.2d 190 (Ala.Cr.App. 1983); Smith v. State, 446 So.2d 68 (Ala.Cr.App. 1984). 'The evidence need not negate the most remote possibility of substitution, alteration, or tampering with the evidence, but rather must prove to a reasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain.' Slaughter v. State, 411 So.2d 819, 822
(Ala.Cr.App. 1981) (emphasis supplied)."
Williams v. State, 505 So.2d 1252, 1253 (Ala.Cr.App. 1986), aff'd, Ex parte Williams, 505 So.2d 1254 (Ala. 1987).
In the case sub judice, the prosecution more than adequately established a proper chain of custody of the evidence. "The identification and continuity of possession were sufficiently established to afford ample assurance of the authenticity of the item. Ex parte Yarber, Ala. 375 So.2d 1231 (1979). There appeared to be no missing link in the chain of identification.Lewis v. State, Ala.Cr.App. 353 So.2d 60 (1977)." Snider v.State, 406 So.2d 1008, 1013 (Ala.Cr.App. 1981), cert. denied,Ex parte Snider, 406 So.2d 1015 (Ala. 1981).
The appellant argues that the State failed to establish a chain of custody because it failed to show which employee of the Auburn crime laboratory received the evidence from Sergeant McGarr, and because Ted Hudson, who gave the evidence to Taylor Noggle, did not testify at trial. This is, at worst, a weak link in the chain of custody. As such, it presents a question of credit and weight to be accorded the evidence, rather than one of admissibility of the item. Sommer v. State,489 So.2d 643 (Ala.Cr.App. 1986). Where each witness in the chain of custody accounts for the integrity of the envelope he has received, and there is no contention that the controlled substances in the envelope have been altered in any way, the admission of the controlled substances into evidence is not error, despite the failure of one person in the chain to testify. Lowery v. State, 452 So.2d 897 (Ala.Cr.App. 1984).
 II.
The appellant argues that the trial court erred to reversal by allowing the prosecution in its closing argument to make reference to the Habitual Felony Offender Act. The appellant contends that the prosecutor's comment was prejudicial and denied him due process of law. In the opinion of this Court, the record of this case does not support such a conclusion.
The record indicates that the appellant elected at trial to testify in his own defense. On direct examination, his attorney questioned him concerning his prior criminal record, and the appellant stated that he had previously been charged with robbery, possession of marijuana, and DUI, and that he had pleaded guilty to these offenses. Counsel then asked the appellant why he had not pleaded guilty to the present charge, and the appellant responded that he did not do so "[b]ecause I didn't have no marijuana on me."
The record likewise shows that the prosecution stated as follows in his closing argument: *Page 1317 
 "MR. DAVIS: Ladies and Gentlemen, I'd like to tell you why he didn't plead guilty and why you are here today, because we have in Alabama what's known as the Felony Habitual Offender Act — "
The appellant objected to the prosecutor's comment referring to the Habitual Felony Offender Act, and the trial court overruled his objection.
In the present case, the prosecutor's only mention of the Habitual Felony Offender Act occurred in the comment quoted above. While the comment was obviously made to show that the appellant had some motive other than his innocence for his refusal to plead guilty in this case,[2] without an explanation as to the application of that statute to the appellant's case, we do not believe that the jury could have understood this fact. Cf. Kimble v. State, 545 So.2d 228 (Ala.Cr.App. 1989). If such an explanation was made, it was not contained in the record, and this Court will not predicate the reversal of the trial court on a silent record. Abbott v. State, 494 So.2d 789
(Ala.Cr.App. 1986); Fuller v. State, 472 So.2d 452 (Ala.Cr.App. 1985).
 III.
This case was pending on direct appeal at the time Ex parteChambers, 522 So.2d 313 (Ala. 1987), was released by our Supreme Court. Although, pursuant to Chambers, the appellant was improperly sentenced under the Habitual Felony Offender Act, counsel has failed to raise this issue, by way of supplemental brief, before this Court.
It has been the policy of this Court, in non-death cases, not to address issues not raised on appeal by the appellant. Rule 45B, A.R.A.P. In the case sub judice, however, the appellant's sentence under the Habitual Felony Offender Act would clearly constitute a ground for relief in a subsequent habeas corpus petition. See, Stokes v. State, 555 So.2d 254 (Ala.Cr.App. 1989). In the interest of judicial economy, it is therefore the opinion of this Court that this cause is due to be remanded for resentencing under the appropriate provision of Alabama's Controlled Substances Act.
REMANDED WITH INSTRUCTIONS.
All Judges concur except PATTERSON, J., concurring in result only.
[2] The decision of our Supreme Court in Ex parte Chambers,522 So.2d 313 (Ala. 1987), was released three months after the trial of this case. In Chambers, the Court held that, contrary to the practice then in effect, defendants with prior felony convictions who were convicted under Alabama's Controlled Substances Act must be sentenced under the sentence enhancement provisions of that statute, and not under the Habitual Felony Offender Act. The appellant was obviously unaware of this fact, as were the prosecutor and the trial court. Thus, his concern about being sentenced as a habitual offender could have influenced his decision not to plead guilty to the presently charged offense.
 ON RETURN TO REMAND