BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief. Kenneth Sheppard challenges his two 1984 convictions for violations of the Controlled Substances Act. Those convictions were affirmed by this Court, without opinion, in Shephard v. State, 456 So.2d 1172 (Ala.Cr.App.1984). (We note that the defendant’s last name is spelled differently in this present appeal.)
The petition was filed on November 20, 1989. We note that the limitations provision of Rule 20.2(c), A.R.Cr.P.Temp., does not apply to situations in which “[t]he court was without jurisdiction to ... impose sentence,” Rule 20.1(b), and to situations in which “[t]he sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law,” Rule 20.1(c). See Rule 20.2(c) (“Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 20.1(a) and (f), unless the petition is filed [within the two-year period]”) (emphasis added).
The petitioner alleges that his sentences violate Ex parte Chambers, 522 So.2d 313 (Ala.1987), wherein the Alabama Supreme Court held that defendants convicted under the Alabama Controlled Substances Act, as codified in § 20-2-1 et seq., “must be sentenced according to its provisions, not the sentencing provisions of Title 13A [which contains the' Habitual Felony Offender Act].” Chambers, 522 So.2d at 316 (emphasis in original) (footnote omitted).
Furthermore, both the State on appeal and the sentencing judge admit that the petitioner was improperly sentenced. Ap-pellee’s brief at 3. The petitioner’s claim has merit and warrants relief. See Anderson v. State, 546 So.2d 1013, 1014 (Ala.Cr.App.1989). Therefore, we reverse the order of the circuit court denying the petition and remand this cause to the circuit court for proper sentencing. That court shall make a return to this Court reflecting its action in sentencing the petitioner.
REVERSED AND REMANDED.
All Judges concur.