McMILLAN, Judge.
This is an appeal from a denial of a Rule 20, Temp. A.R.Cr.P., petition.
The appellant was convicted of possession of cocaine, in violation of the Uniform Controlled Substances Act, § 20-2-70, Code of Alabama (1975). He was also convicted of being in the unlawful possession of a firearm, a violation of § 13A-11-72, Code of Alabama (1975). Appellant was sentenced to 15 years’ imprisonment on the drug offense and 22 years’ imprisonment on the firearm offense, with the sentences to run concurrently. Appellant was apparently sentenced pursuant to the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama (1975). This court affirmed the conviction. See Perry v. State, 549 So.2d 119 (Ala.Cr.App.1988). The appellant’s rehearing application was overruled. Later, the Alabama Supreme Court denied appellant’s petition for writ of certiorari. The appellant then filed a Rule 20 petition with the Jefferson County Circuit Court. That petition was denied.
The issues framed for resolution by this court are: (1) whether the trial court improperly dismissed the appellant’s Rule 20 petition without affording him the minimum due process requirements; (2) whether the trial court imposed a “facially invalid” sentence upon appellant’s firearm conviction, by applying the provisions of the Alabama Habitual Felony Offender Act; and, (3) whether the trial court imposed a “facially invalid” sentence upon appellant’s cocaine conviction by applying the provisions of the Alabama Habitual Offender Act.
Appellant argues that he was denied due process when his Rule 20 petition was dismissed without an evidentiary hearing. The determination of whether an evi-dentiary hearing is required or whether judgment may be made on the pleadings is a matter within the discretion of the trial court. Temporary Rule 20.7(d), A.R.Cr.P. See also Temporary Rule 20.9(a), A.R.Cr.P. (providing that a petitioner is entitled to an evidentiary hearing only after it has first been determined, by the trial court, that the petition presents “disputed issues of material fact”).
The appellant next argues that his firearm sentence cannot be enhanced by his prior drug convictions. This court, in Gibson v. State, 555 So.2d 784 (Ala.Cr.App.1989), recently held that prior drug convic *692 tions could be used to enhance non-drug sentences under the Habitual Felony Offender Act. Hence, we find no merit in appellant’s second argument.
Last, appellant contends that his sentence for possession of cocaine was improperly enhanced by the Habitual Felony Offender Act. The record reveals no precise mention of the application of the Habitual Felony Offender Act. However, there were certified copies of at least three prior convictions before the trial court. Additionally, statements made by the prosecution and the trial court, both at the conclusion of the trial and at the sentencing hearing, indicate that all parties believed that the Act was applicable. It is noteworthy that case law, as it existed at that time, allowed for such application.
Specifically, appellant argues that his sentence should be based on the ruling in Ex parte Chambers, 522 So.2d 313 (Ala.1987). In Chambers, the Supreme Court held that upon conviction of a violation of § 20-2-70 of the Uniform Controlled Substances Act only prior drug-related convictions could be used to enhance sentences under the recidivist provision of § 20-2-76, Code of Alabama (1975). The Uniform Controlled Substances Act was amended by the Drug Crimes Amendments Act of 1987, Acts of Alabama No. 87-603. That act repealed the recidivism provisions of the Uniform Controlled Substances Act and made drug-related crimes subject to the Habitual Felony Offender Act if the conduct made the basis of the charge occurred after the act’s effective date, October 21, 1987. Ex parte Brannon, 547 So.2d 68 (Ala.1989). Appellant asserts that his sentence was imposed several months before the effective date of the Drug Crimes Amendments Act; therefore, he says, he should be sentenced under the recidivist statute employed in Chambers, supra.
However, Perry’s conviction was affirmed two and one-half months before the release of Chambers, supra. Therefore, if the trial judge did in fact apply the Habitual Felony Offender Act to appellant’s sentence, he would have been correct in doing so.
However, in order to preserve the integrity of the sentence, the State requests that this case be remanded to the trial court for clarification of the basis of the drug sentence. Therefore, this cause is remanded on that ground, with instruction to the trial court to forward its order to this court within 90 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur except BOWEN, J., concurring in result only.