PATTERSON, Presiding Judge.
The appellant, Lee Edward Ford, appeals from the trial court’s summary denial of his A.R.Cr.P.Temp. 20 petition wherein he contested the validity of his 1982 conviction for forgery of a prescription for controlled substances, § 20-2-70, Code of Alabama 1975, and his resulting sentence of life imprisonment. In his petition, Ford alleged that his sentence exceeds the maximum authorized by law because, he says, he was improperly sentenced under the Habitual Felony Offender Act. See Ex parte Chambers, 522 So.2d 313 (Ala.1987). If these factual allegations are true, Ford is due relief. See Stokes v. State, 555 So.2d 254 (Ala.Cr.App.1989). Thus, a hearing should have been held.
Ford filed the instant petition on December 21, 1988, and, although the trial court *69 ruled on the petition on January 14, 1989, this cause was not submitted to this court until December 13, 1990. Because of this two-year delay, we are concerned with expeditious treatment of this petition. Accordingly, we remand with instructions that a hearing be held and return be made to this court within 45 days from date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
ON RETURN TO REMAND
PATTERSON, Presiding Judge.
We remanded this case to the trial court with instructions to grant Ford a hearing on his petition for post-conviction relief filed pursuant to A.R.Crim.P.Temp. 20. We determined that his allegation that he was improperly sentenced under the Habitual Felony Offender Act, if true, merited relief.
A hearing was held by the trial court in accordance with our instructions and due return was filed with this court. The return shows that the state conceded that the appellant’s sentence of life imprisonment under the Habitual Felony Offender Act was improper and that he was due to be resentenced under Ala.Code 1975 § 20-2-70. The state recommended a sentence of 15 years’ imprisonment. Ford accepted the recommended sentence, and the trial court resentenced him to 15 years, giving him credit for time served. Thereupon, Ford withdrew his petition for post-conviction relief.
Because petitioner Ford has obtained the relief sought in his petition and has withdrawn his petition, this appeal is moot. Therefore, his appeal is due to be, and it is hereby, dismissed.
OPINION EXTENDED; DISMISSED.
All Judges concur.