BOWEN, Judge.
The appellant, Warren Martin, pleaded guilty and was convicted of leaving the scene of an accident with injury in violation of Aa.Code 1975, § 32-10-1. He was sentenced as a habitual felony offender to 15 years’ imprisonment. On this appeal from that conviction he argues that the Habitual Felony Offender Act does not apply to the offenses defined in Title 32.
Aabama’s Habitual Felony Offender Act (“HFOA”) is codified in Aa.Code 1975, §§ 13A-5-9 and -10. Section 13A-5-l(a) provides that “[ejvery person convicted of any offense defined in this title, or defined outside this title, shall be sentenced by the court in accordance with this article, unless otherwise specifically provided by law.” In Ex parte Johnson, [Ms. 1901573, September 18, 1992], the Aabama Supreme Court held that the HFOA does not apply to violations of § 13A-ll-72(a), involving the illegal possession of a pistol, because the punishment for a violation of that section is specifically provided for by § 13A-11-84. In Ex parte Chambers, 522 So.2d 313 (Aa.1987), the Aa-bama Supreme Court held that the HFOA was inapplicable to felony drug offenses as then defined in Title 20 and that defendants convicted of offenses under the Uniform Controlled Substances Act must be sentenced according to the recidivist provisions of that Act.[1]
The penalty for a violation of § 32-10-1 is proscribed by § 32-10-6, which provides:
“Every person convicted of violating sections 32-10-1 through 32-10-5 or any of the provisions thereof, when such violation *456 involved only damage to property, shall be punished the same as prescribed by law for a Class A misdemeanor; provided, however, that every person convicted of violating such sections, or any provisions thereof, when such violation involved death or personal injury, shall be punished the same as prescribed by law for a Class C felony.” (Emphasis added).
For the same reasons that the HFOA does not apply to violations of § 13A-ll-72(a), involving the illegal possession of a pistol, it does apply to violations of § 32-10-1. See Johnson. The Legislature has not provided express and separate sentencing provisions for a violation of § 32-10-1, but has provided that such violations that involve death or personal injury “shall be punished the same as prescribed by law for a Class C felony.” § 32-10-6. A yiolation of § 32-10-1 involving death or personal injury is a “classified felony.” “[T]he Habitual Felony Offender Act expressly applies to enhance the punishment of classified felonies, e.g., Class A, B, and C felonies.” Johnson. “Article 5 contains a uniform sentencing scheme that is based on the classification of the offense, i.e., Class A, B, or C, see § 13A-5-6 and -7, and it contains the Habitual Felony Offender Act.” Johnson.
Therefore, it is the holding of this Court that the sentencing provisions of the Alabama Criminal Code that specifically include the provisions of the Habitual Felony Offender Act do apply to sentencing for a violation of § 32-10-1 when such a violation involves death or personal injury. The appellant was properly sentenced as a habitual felony offender and the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. The Legislature has since transferred drug offenses to Chapter 13A. See §§ 13A-12-201, et seq.; Stokes v. State, 555 So.2d 254, 256-57 (Ala.Cr.App. 1989).