TAYLOR, Judge.
The appellant, Robert Donald Ward, pleaded guilty to the unlawful possession of marijuana in the first degree, a violation of § 13A-12-213, Code of Alabama 1975. He was sentenced to three years’ imprisonment under the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975 (HFOA). The appellant contends that the trial court erred to reversal when it sentenced him pursuant to the HFOA. He contends that the HFOA does not apply in this case.
The appellant was convicted of possession of cocaine under the Alabama Uniform Controlled Substances Act (§ 20-2-1 et seq.) on September 14, 1987. Subsequently, on May 6, 1993, he pleaded guilty to the now charged offense. The appellant argues that, because his prior conviction occurred before the effective date of the Drug Crimes Amendment Act (October 21, 1987), which amended the Controlled Substances Act and made the HFOA applicable to drug crimes as defined therein, this prior felony should not be counted against him. However, felony drug convictions that occurred before October 21, 1987, should be considered when applying the HFOA. Cf. Lidge v. State, 419 So.2d 610 (Ala.Cr.App.), cert. denied, 419 So.2d 616 (Ala.1982).
The appellant also contends that his sentencing should be controlled by Ex parte Chambers, 522 So.2d 313 (Ala.1987), which states:
*158 “The Habitual Felony Offender Act, with its punishment enhancement provisions, is a penal statute, and must be strictly construed, especially in regard to its applicability to felony offenses outside the Criminal Code. A careful reading of the pertinent provisions of Title 13A, Chapter 5, along with the commentary thereto, make it quite obvious that the legislature did not intend the Habitual Felony Offender Act to apply to felony drug offenses.”
522 So.2d at 316. The court in Chambers held that defendants convicted of offenses under the Controlled Substances Act must be sentenced under the recidivist provisions of that act only.
However, the Alabama Supreme Court reversed Chambers in Ex parte Brannon, 547 So.2d 68 (Ala.1989). In Brannon, the court focused on when the conduct leading to the conviction occurred in determining whether the Controlled Substances Act or the Alabama Criminal Code controlled. The Alabama Supreme Court stated:
“We note that the Controlled Substances Act has been amended by the Acts of Alabama 1987, No. 87-603, the ‘Drug Crimes. Amendments Act of 1987.’ This act repealed section 20-2-70, the recidivist provision within the Controlled Substances Act, for conduct occurring after the effective date of the act, and it made drug related crimes subject to the Habitual Felony Offender Act.”
Brannon v. State, 547 So.2d at 69. Brannon made it doubly clear that Ex parte Chambers is no longer the law.
The judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.