This is an appeal from the denial of a petition for post-conviction relief. The petitioner challenges his 1986 conviction for the sale of marijuana and alleges that he was improperly sentenced under Alabama's Habitual Felony Offender Act in violation of Ex parte Chambers, 522 So.2d 313 (Ala. 1987). See also Ex parte Brannon, 547 So.2d 68 (Ala. 1989).
The State filed an answer to the petition but did not respond to the factual merits. The circuit court denied the petition without an evidentiary hearing. Under Chambers, the allegations of the petition have merit. Because those allegations have not been contested by a responsive pleading filed by the State, the petitioner is entitled to an evidentiary hearing. Austin v.State, 533 So.2d 637 (Ala.Cr.App. 1987).
The petitioner is entitled to an evidentiary hearing even though this is a successive petition. The record shows that the petitioner filed a petition for writ of error coram nobis in December of 1986. That petition was denied without an evidentiary hearing on April 7, 1987. However,Chambers was only decided on September 25, 1987, after the coram nobis petition had been denied. This constitutes an exception to the rule against successive petitions found in Rule 20.2(b), A.R.Cr.P.Temp. See also, Alexander v. State,462 So.2d 955 (Ala.Cr.App. 1984).
The Attorney General candidly admits that "[b]ased onChambers and Brannon, it appears . . . that this Court has no choice but to reverse the denial of the Rule 20 petition." Appellee's brief at 6. The judgment of the circuit court denying the petition is reversed, and this cause is remanded to that court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.