Ronnie Roberts appeals from the summary denial of his petition for post-conviction relief under Rule 20, A.R.Crim.P.Temp.
The appellant, in his petition filed in circuit court, sought to contest several matters which occurred when he was allegedly sentenced to two 15-year concurrent sentences as a habitual felony offender, for the alleged sale of marijuana in one cause and the alleged possession of marijuana in the second cause. The Houston County Circuit Court case numbers are to as CC-85-653 and CC-85-654 respectively. The sentencing occurred on December 18, 1985. The district attorney moved for summary dismissal of these two Rule 20 petitions, and the motion was granted by the circuit court based upon the district attorney's motion. The district attorney's motion correctly pointed out that several of the matters asserted either could or should have been raised on trial or appeal therefrom. It is herein noted that the appellant did not appeal from his original conviction. SeeWillis v. State, 500 So.2d 1324 (Ala.Crim.App. 1986).
However, one of the issues which was asserted by the appellant had to do with whether or not certain non-drug related convictions were used to enhance punishment at the time of the original sentence. This raises a jurisdictional matter which could not be waived by failure to appeal. SeeEx parte Chambers, 522 So.2d 313 (Ala. 1987). It should be noted that Ex parte Chambers has been applied retroactively. Stokesv. State, 555 So.2d 254 (Ala.Cr.App. 1989).
It is true that the trial court pointed out that the petition in question is a successive petition and was filed after the expiration of the two-year limitation provided for under Rule 20.2(c), A.R.Crim.P.Temp. Nevertheless, sinceEx parte Chambers was decided after this appellant's sentencing and has been given retroactive application, this court is of the opinion that the attorney general's motion for remand is well taken.
This cause is therefore remanded for an evidentiary hearing to determine the factual merits of the appellant's petition. If the circuit court finds that the appellant was sentenced in violation of the principles of Ex parte Chambers, that court is further directed to resentence the appellant. See also Blairv. State, 549 So.2d 112 (Ala.Crim.App. 1988), cert. denied,549 So.2d 114 (Ala. 1988). Counsel shall be appointed for the appellant and shall be present to represent the appellant at the hearing.
Following the sentencing hearing, a return to this order of remand shall be promptly filed in this court showing the testimony taken and the findings by the court and the judgment entered thereon.
REMANDED WITH DIRECTIONS.
All the Judges concur.