On November 13, 1989, the trial court dismissed appellant's Rule 20, A.R.Cr.P.Temp., petition. In that petition, he challenged his guilty pleas to, and concurrent sentences for, five charges: leaving the scene of an accident, 5 years; unlawful possession of a controlled substance, 30; *Page 1077 
possession of a short-barreled shotgun, 30 years; illegal possession of a pistol by a felon, 5 years; and unlawful sale of a controlled substance, 30 years. Appellant pleaded guilty to these charges on October 28, 1985. This court affirmed the convictions without opinion. Denton v. State, 492 So.2d 670
(Ala.Cr.App. 1986). Appellant subsequently filed a petition for writ of error coram nobis in June 1986. The trial court, after an evidentiary hearing, denied the petition on May 1, 1987. This court affirmed the trial court's ruling, without opinion.Denton v. State, 515 So.2d 155 (Ala.Cr.App. 1987). We are now dealing with a second Rule 20 petition.
 I.
Appellant contends that the trial court erred in denying his petition, more specifically that his plea to possession of a short-barreled shotgun was unknowing and involuntary. Appellant failed to meet the requirement of Rule 20.2(b), that he show why this ground should not be procedurally barred, as it is presented in a successive petition. Moreover, it is time-barred. The certificate of judgment, for the affirmance of appellant's direct appeal, was issued by this court on April 29, 1986. In this case, by express provision of Rule 20.2(c), the two-year limitations period began running on April 1, 1987. Appellant filed the instant petition on October 30, 1989, after the two years had run.
 II.
Appellant next contends that the trial court erroneously dismissed his ground that his sentences for his two drug convictions were improperly enhanced under the Habitual Felony Offender Act. He contends that his sentences are improper under Ex parte Chambers, 522 So.2d 313 (Ala. 1987), wherein our supreme court ruled that enhancement of sentence for a felony drug offense is governed by the enhancement provisions under the Controlled Substances Act and not those under the Habitual Felony Offender Act.[1] See also Ex parteBrannon, 547 So.2d 68 (Ala. 1989).
This issue is properly before us. Since appellant's first Rule 20 petition was filed in June 1986, and denied on May 1, 1987, and Chambers was not decided until September 25, 1987, the successive petition procedural bar does not apply. Mitchellv. State, 547 So.2d 1194 (Ala.Cr.App. 1989).
We have taken judicial notice of the record on appeal of appellant's conviction. A review of this record supports appellant's assertion that his sentences for the two drug-related convictions were enhanced under the Habitual Felony Offender Act. In accordance with Chambers, relief under appellant's Rule 20 petition should have been granted. Therefore, we hold that the cause should be reversed and that the trial court should grant relief in the form of a new sentencing hearing for appellant's two drug convictions.
In the original proceedings, the trial court noted that appellant had two prior felony convictions. These convictions were not identified. From the indictment charging possession of a pistol after having been convicted of a felony, it can be ascertained that one of these prior felony convictions is for burglary. Only if the other conviction is for a drug-related offense and qualifies as a "second or subsequent offense" under § 20-2-76(b), Code of Alabama 1975, can appellant's sentences be enhanced under § 20-2-76(a). We caution that one of the instant convictions cannot be used to enhance punishment for the other conviction, for it does not qualify as a "second or subsequent offense." A review of the original proceedings reveals that appellant was simultaneously adjudged guilty of all offenses by one pronouncement. It cannot be said that either drug conviction preceded the other. *Page 1078 
The judgment of the circuit court denying the petition is, therefore, reversed, and this cause is remanded for resentencing consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.
[1] We note that § 20-2-70, Ala. Code 1975, the recidivist provision of the Controlled Substances Act, has been repealed (by Acts of Alabama 1987, No. 87-603) for conduct occurring after October 21, 1987. Conduct occurring after this date is subject to the Habitual Felony Offender Act. See Ex parteBrannon, 547 So.2d 68 (Ala. 1989).
 *Page 127