ON RETURN TO REMAND
TYSON, Judge.
This court on April 27, 1990, remanded this cause, reported as 563 So.2d 1072 (Ala. Crim.App.1990), for an additional hearing as to sentencing as a habitual felony offender, pursuant to the provisions of the opinion of the Supreme Court of Alabama in Ex Parte Chambers, 522 So.2d 313 (Ala.1987).'
This court noted in our first opinion, Roberts, supra, that under Stokes v. State, 555 So.2d 254 (Ala.Crim.App.1989), Chambers has been applied retroactively.
Pursuant to our order of remandment, the Circuit Court of Houston County held a full hearing on the matter of resentencing this appellant as a habitual felony offender. The record affirmatively reflects that the appellant has, in fact, been resentenced, and in case number CC-85-654 the appellant was resentenced to five years’ imprisonment in the penitentiary, a fine of $1,000 was imposed and he was ordered to pay costs of court and $100 to the Victims Compensation Fund.
In case number CC-85-653, the appellant was sentenced to 14 years’ imprisonment, this being for the sale of marijuana. A fine of $1,000, plus costs of court was imposed, and an additional $100 was ordered to be paid to the Victims Compensation Fund. The court took the position that this is what would have been done at the time of the initial sentencing.
The appellant’s counsel pointed out that the initial sentences were to run concurrently and the trial court then set both of these sentences to run concurrently.
Due return having been filed and the sentencing being in all respects proper, this cause is due to be and the same is hereby affirmed.
As noted in our original opinion, the other issues which were initially raised in the trial court are now barred.
For the reasons shown this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.