TYSON, Judge.
Otis Hall, Jr., appeals from the denial of his petition seeking post-conviction relief pursuant to Rule 20, A.R.Crim.P.Temp. This petition was denied in the circuit court, based upon a motion filed by the district attorney and without conducting an evidentiary hearing. The district attorney cited to the circuit court Rule 20.2(c), A.R. Crim.P.Temp.
The motion of the district attorney stated that the appellant was convicted for the unlawful possession of marijuana on November 7, 1985. He was sentenced by the circuit court to 21 years’ imprisonment as a habitual felony offender under § 13A-5-9(a)(l), Code of Alabama 1975. The district attorney’s motion pointed out that the appellant had failed to perfect an original direct appeal from his conviction. See Willis v. State, 500 So.2d 1324 (Ala.Crim.App.1986).
The district attorney argued that, since the appellant had not taken an appeal, he was prohibited from seeking relief from his sentence under Rule 20.2(c), A.R.Crim.P. Temp. In short, the district attorney argued, relief was barred by the statute of limitations.
The appellant in his argument to the circuit court, and in his brief in this court, points out that he was erroneously sentenced under the Habitual Felony Offender Act because, he says, the sentence in question should have been under the Uniform Controlled Substances Act, § 20-2-1 et seq., specifically § 20-2-70, Code of Alabama 1975, as amended. The appellant also cited Ex parte Chambers, 522 So.2d 313 (Ala.1987).
On appeal the attorney general argues that relief is barred under Rule 20.2(c), A.R.Crim.P.Temp., as the trial court held in its order denying relief.
However, the opinion of the Supreme Court in Ex parte Chambers supra, has been determined to be retroactive in application and effect. See Denton v. State, 563 So.2d 1076 (Ala.Crim.App.1990), and authorities therein cited.
On authority of Denton, supra, and Roberts v. State, 563 So.2d 1072 (Ala.Crim.App.1990), and Mitchell v. State, 547 So.2d 1194 (Ala.Crim.App.1989), this cause is due to be, and it is hereby, remanded for an evidentiary hearing to determine the factual merits of the appellant’s petition. If, in fact, the circuit court finds that the appellant was sentenced in violation of the principles of Ex parte Chambers, that court is further directed to resentence this appellant. See also Blair v. State, 549 So.2d 112 (Ala.Crim.App.1988), cert. denied, 549 So.2d 114 (Ala.1988). Counsel shall be appointed for appellant and shall be present to represent appellant at the hearing.
Following the evidentiary hearing, a return to this order of remand shall be filed in writing in this court showing the testimony taken, the findings by the trial court, and the judgment entered thereon. That return shall be filed with this court within 60 days from date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.