TYSON, Judge.
Gerald T. McConnell appeals from the denial of his petition seeking post-conviction relief filed in circuit court pursuant to Rule 20, A.R.Crim.P.Temp., in which the appellant asserts that his sentence was illegal and improper under Ex parte Chambers, 522 So.2d 313 (Ala.1987).
On November 7, 1985, the appellant waived a trial by jury, withdrew his plea of not guilty, and entered a plea of guilty in Mobile Circuit Court in case No. CC-85-2593, charging him with possession of a controlled substance. He was adjudged guilty by the court and was sentenced to a term of 15 years’ imprisonment under the Alabama Habitual Felony Offender Act. See § 13A-5-9 et seq., Code of Alabama 1975, as amended. The appellant failed to take an original direct appeal from his conviction. See Willis v. State, 500 So.2d 1324 (Ala.Crim.App.1986).
On May 30, 1986, the appellant filed a petition for writ of error coram nobis in the Mobile Circuit Court. This was denied on June 20, 1986. On January 5, 1987, the appellant asked the circuit court for an out-of-time appeal, which request was denied on February 11, 1987.
On June 26, 1990, the appellant filed the present Rule 20 petition seeking relief from his conviction or sentence. The motion to dismiss filed by the State, through the district attorney’s office, pointed out that, under Rule 20.2(b), this was a successive petition seeking post-conviction relief. This motion was granted and the petition was denied. The order denying the relief is dated January 3, 1991, and indicates the petition was a successive petition.
The attorney general has filed in this court, a motion to remand, citing Ex parte Chambers, which notes that § 13A-5-9, Code of Alabama 1975 (the Alabama Habitual Felony Offender Act), should not apply to sentences in controlled substances eases. This decision was released by the Supreme Court of Alabama after the filing of the appellant’s original coram nobis proceeding.
The State also points out that in Ex parte Brannon, 547 So.2d 68 (Ala.1989), the Supreme Court of Alabama pointed out that the question of applying the Habitual *126 Felony Offender Act to drug offenses was jurisdictional and therefore was not barred by failure to preserve this issue in the lower court.
Therefore, on authority of Ex parte Chambers, supra, Ex parte Brannon, supra, Denton v. State, 563 So.2d 1076 (Ala.Crim.App.1990), and Roberts v. State, 563 So.2d 1072 (Ala.Crim.App.1990), this cause is remanded for a new sentencing hearing.
This cause shall be set by the trial judge who shall determine the merits of the appellant’s petition. If the circuit court finds that the principles of Ex parte Chambers were violated, then that court is directed to resentence this appellant. See also Blair v. State, 549 So.2d 112 (Ala.Crim.App.), cert. denied, 549 So.2d 114 (Ala.1988). Counsel shall be appointed for the appellant and shall be present to represent the appellant at the hearing.
Following the sentencing hearing, a return to this order of remand shall be filed in this court showing the testimony taken, together with the court’s findings in writing, and the judgment entered thereon. Such return shall be filed within 60 days from date of this opinion. The attorney general’s motion to remand is well taken.
REMANDED FOR AN EVIDENTIARY HEARING.
All the Judges concur.