716 So.2d 231 (1997)
Johnny DOBBINS
v.
STATE.
CR-96-0280.
Court of Criminal Appeals of Alabama.
February 28, 1997.
Opinion on Return to Remand December 19, 1997.
Rehearing Denied April 3, 1998.
*232 Fred Lawton III, Anniston, for appellant (on remand).
Johnny Dobbins, pro se.
Bill Pryor, atty. gen., and Robin Blevins, asst. atty. gen., for Appellee.
PATTERSON, Retired Appellate Judge.
In separate cases the appellant, Johnny Dobbins, in 1984 was convicted of selling marijuana and possession of marijuana and was sentenced to 45 years' imprisonment and 15 years' imprisonment, respectively, as a habitual offender. Those sentences were to be served concurrently. Both convictions were affirmed on direct appeal. In June 1996, he filed a post-conviction petition under Rule 32, Ala.R.Crim.P., arguing that his sentences had been improperly enhanced under the Habitual Felony Offender Act. The circuit court summarily dismissed the appellant's petition on October 15, 1996, and this appeal follows.
The appellant was convicted in each case under the provisions of the Alabama Uniform Controlled Substances Act, § 20-2-1 et seq., Code of Alabama 1975. At the time of his convictions and sentences, this Act had its own recidivist provision, § 20-2-76, which was repealed on October 21, 1987, by the Drug Crimes Amendments Act of 1987, Act No. 87-603, Acts of Alabama 1987, after the Alabama Supreme Court held that the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, did not apply to felony drug convictions. Ex parte Chambers, 522 So.2d 313, 316 (Ala.1987). As a result, after October 21, 1987, all sentence enhancement for prior felony convictions fell under the Habitual Felony Offender Act.
In his petition, the appellant attacks two convictions arising out of separate proceedings; however, only judgments arising out of a single trial may be challenged in a given petition. We will treat the instant petition as challenging his conviction in case number CC-84-286, a conviction for the sale of marijuana. In order to challenge his conviction in CC-84-730, a conviction for possession of marijuana, the appellant must file a separate petition, as addressed below in our remand order.

I.
The appellant contends that his counsel was ineffective; however, this particular ground is clearly precluded by Rule 32.2(c), Ala.R.Crim.P., because it is raised outside the two year limitations period.

II.
We find the appellant's claim regarding his sentence in case number CC-84-286, to be meritorious on its face. In his response, the district attorney did not address the merits of the petition and instead relied on the preclusion grounds of Rules 32.2(a)(4) and 32.2(c), Ala.R.Crim.P., to support his motion to dismiss the petition. (C. 27-28.) Likewise, the circuit court did not address the merits of the petition in its "Order of *233 Dismissal." (C. 29.) Nothing in the record indicates that any of the post-conviction petitions previously filed by the appellant referred to in the state's response and in the circuit court's dismissal order were decided on their merits. See Blount v. State, 572 So.2d 498, 502 (Ala.Crim.App.1990) (in order for this Court to uphold a finding that a second or subsequent petition was successive and therefore barred, the record must clearly show that the previous petition was adjudicated on its merits). In any event, the successive-petition bar is not applicable to a Chambers claim raised in a postconviction proceeding filed after the decision in Chambers was released. See Mitchell v. State, 547 So.2d 1194, 1195 (Ala.Crim.App.1989); Denton v. State, 563 So.2d 1076, 1077 (Ala.Crim. App.1990); Roberts v. State, 563 So.2d 1072, 1073 (Ala.Crim.App.1990). We also note that the time limitation bar set forth in Rule 32.2(c), Ala.R.Crim.P., does not apply to a claim, such as the one contained in the present petition, which is raised under Rule 32.1(c).
The record is clear that the appellant was convicted and sentenced before Chambers was released; his claim that he was sentenced under the Habitual Felony Offender Act is unrefuted by either the state or the circuit court. In addition, Chambers was given retroactive application. Roberts v. State, 563 So.2d at 1073; Hall v. State, 580 So.2d 123, 124 (Ala.Crim.App.1991). If, as the state alleges in its response to the petition and in its brief on appeal, the appellant did indeed raise this claim in an earlier petition, that earlier petition was also meritorious on its face and the appellant was entitled to an evidentiary hearing. The appellant's present petition is, likewise, meritorious on its face and, as a result, he is entitled to further proceedings in the circuit court, as provided in Rule 32, Ala.R.Crim.P., to determine its factual merit.
Accordingly, on authority of the cases cited above, this cause is remanded to the circuit court with the following directions:
1. The circuit court will notify the appellant that he must complete a separate petition to challenge his sentencing in case number CC-84-730. The circuit court will give the appellant 30 days from the date of notification by mail to file his new petition.
2. Upon the expiration of the 30-day period or upon receipt of the new petition, whichever occurs first, the circuit court will hold an evidentiary hearing or an alternative proceeding in compliance with Rule 32.9(a), Ala.R.Crim.P., to determine the factual merits of the appellant's petition in case CC-84-286 and, if the appellant files a petition in CC-84-730, to rule on that petition. If the appellant was sentenced in violation of the holding in Ex parte Chambers, the court is directed to resentence him in accordance with Chambers and with the provisions of § 20-2-76, Code of Alabama 1975.
3. The circuit court shall determine, in accordance with Rule 32.7(c), Ala.R.Crim. P., if counsel should be appointed to represent the appellant at any of the proceedings mandated in 2 above.
4. Following the evidentiary hearing or other proceedings, the circuit court shall file its written findings of fact and conclusions of law along with a record of the evidence admitted and a transcript of the proceedings in this matter. Due return shall be filed with this court within 63 days from the date of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REMANDED WITH DIRECTIONS.
All Judges concur.

On Return to Remand
PATTERSON, Retired Appellate Judge.
On February 28, 1997, we remanded this case to the trial court with instructions that it allow Johnny Dobbins to file a separate post-conviction petition challenging his sentence in case number CC-84-730; that it hold an evidentiary hearing on the merits of Dobbins's petition in case number 84-286; that, if it determined after a hearing that Dobbins was sentenced in either case in violation of the Supreme Court's holding in Ex *234 parte Chambers, 522 So.2d 313 (Ala.1987), it resentence him in accordance with Chambers and § 20-2-76, Code of Alabama 1975; that it appoint counsel to represent Dobbins if it deemed it appropriate; and that, following the hearing, it make due return to this court, which return would include written findings of fact and conclusions of law and a full transcript of the proceedings below.
A proper return to our remand has been filed by the trial court that reflects that it has complied with our instructions. It appointed counsel to represent Dobbins and, after the evidentiary hearing, it resentenced him pursuant to § 20-2-76. In case number CC-84-286, it resentenced him to 30 years' imprisonment, and in case number CC-84-730, it resentenced him to 15 years' imprisonment. The sentences were to run concurrently. The sentences fall within the ranges authorized by statute for sentencing in such cases. The proceedings in the trial court, including the sentences, appear to be proper in every respect and the judgment is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All Judges concur.