215 So.2d 458

Willie James SYKES

v.

N. L. HALE, Warden.

3 Div. 338.

Supreme Court of Alabama.

Nov. 7, 1968.

Willie James Sykes, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is an appeal from a judgment dismissing a petition for writ of habeas corpus. The State's motion to dismiss might properly have been granted on any one or more of several grounds. There was no compliance with the statutory requirements that the petition be verified and that a copy of the judgment or process under which petitioner is detained be annexed to the petition. No evidence was offered to support the claimed denial of due process or equal protection of the law. It is on the face of it a substitute for an appeal.

It is stated in the petition that petitioner was charged with burglary and in 1958 tried before a jury, by whom he was found guilty of first degree burglary and sentenced to life imprisonment. No appeal was taken from the judgment of conviction. The only allegations suggesting infraction of any substantial right are that there was an extended delay between his indictment and trial, and that his court-appointed counsel was less diligent and attentive than appellant now thinks he might have been. It is charged that said counsel was derelict in failure to take an appeal from the judgment of conviction. These charges involve questions of fact. The prayer seeks an order to the warden of the prison commanding him to do and perform what, in justice, he should do with respect to petitioner's right of release. From the petition as a whole it is obvious that appellant seeks a review of the proceedings on the trial by way of appeal. It is the settled rule that habeas corpus cannot be made the substitute for appeal or writ of error. Cooper v. Wiman, 273 Ala. 699, 145 So.2d 216; Hable v. State, 41 Ala.App. 398, 132 So.2d 271; Warden v. State, 41 Ala.App. 449, 134 So.2d 783. While in some cases it has been held that where a remedy is not available by habeas corpus, one who charges incarceration by unlawful means, may find relief by resort to the common law remedy of coram nobis. This is not one of those cases. Appellant previously applied for coram nobis to the Circuit Court of Morgan County. The writ was denied, but petitioner did not appeal.

On the face of the matter appellant, though not denying his guilt, has pursued every known method to gain his freedom.

We find no reason why the judgment of dismissal should not be sustained.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and KOHN, JJ., concur.