In June 1986, Lucious James Davis pleaded guilty and was convicted of a violation of the Alabama Uniform Controlled Substances Act. His 15-year sentence was suspended, and he was placed on five years' probation. That probation was revoked in July 1988. In April 1990, Davis filed a petition for post-conviction relief, alleging that he had been improperly sentenced as a habitual felony offender. See Ex parte Brannon,547 So.2d 68 (Ala. 1989); Ex parte Chambers, 522 So.2d 313
(Ala. 1987). The circuit court summarily dismissed the petition "pursuant to Rule 20.2(c)." This appeal is from that dismissal.
The circuit court improperly dismissed the petition. Rule 20.2(c), A.R.Crim.P.Temp., sets forth a two-year period in which petitions for post-conviction relief must be filed. That period of limitations applies only to the grounds specified in Rule 20.1(a)[1], (e)[2], and (f)[3]. Rule 20.2(c) provides in pertinent part:
 "(c) Statute of Limitations. Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 20.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Alabama Rules of Appellate Procedure; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall not entertain a petition based on the grounds specified in the Rule 20.1(e) unless the petition is filed within the two-year period specified in the first sentence of this section, or within six (6) months after the discovery of *Page 1289 
the newly discovered material facts, whichever is later."
(Emphasis added.)
The ground stated in Rule 20.1(c), i.e., "[t]he sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law," is not subject to the two-year period of limitations of Rule 20.2(c) under the very language of Rule 20.2(c) itself.
The case action summary of the proceedings on Davis's guilty plea and on his petition for post-conviction relief are contained in the record on appeal. The judgment entry of June 9, 1986, shows that Davis was sentenced to 15 years' imprisonment. Beside that printed entry is the handwritten entry of the sentencing judge, which states: "Defendant has4 prior felony convictions Habitual Offender" (sic).
A defendant's sentence is determined by the law in effect at the time of the commission of the offense. See Bracewell v.State, 401 So.2d 123, 124 (Ala. 1979), cert. denied,401 So.2d 130 (Ala. 1980); Taylor v. City of Decatur, 465 So.2d 479, 481
(Ala.Cr.App. 1984). In 1986, the sentence for felony possession of cocaine and marijuana was imprisonment for not less than two nor more than 15 years. Ala. Code 1975, § 20-2-70(a). UnderBrannon, supra, and Chambers, supra, Davis should not have been sentenced as a habitual offender, because he was convicted under the Uniform Controlled Substances Act, which had its own recidivist provisions. However, if Davis had been subject to the provisions of Alabama's Habitual Felony Offender Act, he would have been "punished by imprisonment for life or for any term not more than 99 years but not less than 15 years." Ala. Code 1975, § 13A-5-9(c)(1). See § 13A-5-4(a) ("Any offense defined outside this title which is declared by law to be a felony without specification of its classification or punishment is punishable as a Class C felony."). This Court cannot determine that the allegations of the post-conviction petition have no merit, because the 15-year sentence which Davis received falls within the range of punishment for both the Habitual Felony Offender Act and the Uniform Controlled Substances Act.
Therefore, the judgment of the circuit court dismissing the petition is reversed, and this cause is remanded so that the merits of the petition can be addressed.
REVERSED AND REMANDED.
All Judges concur.
[1] Rule 20.1(a) provides: "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief."
[2] Rule 20.1(e) provides in pertinent part: "Newly discovered material facts exist which require that the conviction or sentence be vacated by the court. . . ."
[3] Rule 20.1(f) provides: "The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part."