This is an appeal from the denial of a petition for post-conviction relief.
The petitioner-appellant, Dewey Wayne Salters, an inmate in the Alabama prison system confined in Elmore County, filed a petition for writ of habeas corpus in the Circuit Court of Elmore County, Alabama, attacking his 1983 guilty plea convictions in Jefferson County for the unlawful possession of controlled substances in violation of Ala. Code 1975, § 20-2-70. He alleges that his possession of Diazepam and Hashish was simultaneous and that, under Vogel v. State, 426 So.2d 863
(Ala.Cr.App. 1980), affirmed, 426 So.2d 882 (Ala. 1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983),Sears v. State, 479 So.2d 1308 (Ala.Cr.App. 1985), and Ex parteDarby, 516 So.2d 786 (Ala. 1987), he was therefore guilty of only one offense and should not have been subjected to multiple prosecutions and sentences.
The petition specifically alleged that habeas corpus was the only remedy available to the petitioner, because a post-conviction remedy under Rule 32, A.R.Crim.P., was barred by the two-year filing limitation of Rule 32.2(c). The petition also requested that the case be transferred to the Circuit Court of Jefferson County.
In response to the petition, the District Attorney for the Nineteenth Judicial Circuit, which includes Elmore County, filed a motion to transfer. That motion was granted by the circuit court, which, upon ordering the transfer, made the following findings of fact and conclusions of law:
 "1. The petition has been improperly filed in the Nineteenth Judicial Circuit. Pursuant to A.R.Crim.P. 32.5, venue is proper in the Circuit Court in the instant case arises from the Circuit Court of Jefferson County and is therefore due to be filed in that Court.
 "2. The petition is not in compliance with A.R.Crim.P. 32.6(a) and is therefore due to be returned to the petitioner in order that the petition be amended to comply with said rule, and filed in the proper Court.
 "3. Venue is hereby transferred to the Circuit Court of Jefferson County, the Circuit Clerk is ordered to transfer all necessary documents to the proper authority and direct all further documents and communications of the petitioner to the Circuit Court of Jefferson County." R. 20.
There is no indication in the record that the petitioner actually amended his habeas corpus *Page 211 
petition to comply with the form for a petition for post-conviction relief. See Rule 32.6(a).
Once the case had been transferred, the District Attorney for Jefferson County filed an answer and motion to dismiss the petition for writ of habeas corpus. In that pleading, the State admitted that the petitioner "was charged with possession of controlled substances arising out of the same incident in two separate indictments," R. 25, but asserted that the petitioner "did not receive double punishment as both sentences were concurrent, versus consecutive sentences." R. 25. Although requesting dismissal of the petition, the State, in paragraph 7 of the motion, sought alternative relief: "In the alternative, while the State admits that the Petitioner was the subject of two convictions arising out of one transaction for which a concurrent sentence was given, the State would request that the court impose a single sentence as a single act was committed." R. 25. On September 18, 1991, the circuit court, without explanation, granted the State's motion and dismissed and denied the petition for writ of habeas corpus.
On original submission of that appeal, this Court, on January 17, 1992, reversed the judgment of dismissal and ordered the circuit court to treat the habeas corpus petition as a petition for post-conviction relief and to apply Rule 32, A.R.Crim.P.Salter v. State, 594 So.2d 249 (Ala.Cr.App. 1992). On January 24, 1992, seven days after its action dismissing and denying the petition had been reversed, the circuit court entered the following order on the case action summary.
 "The Petitioner's motion being treated as a Rule 32.4 post trial remedy, as ordered by the court of criminal appeals, is hereby denied; the petitioner failed to file his motion within the statutory time period {2 yr from date of expiration of appeal.} Also the ground on which the petitioner bases his motion should have been raise[d] on direct appeal." R. 44.
Neither of the two grounds cited by the circuit court for dismissing the petition for post-conviction relief is proper in this case.
 I.
Although the circuit court erred in dismissing the petition, its treatment of the petition for habeas corpus as a petition for post-conviction relief was proper.
A petition for writ of habeas corpus cannot be used to circumvent the requirements of Rule 32. "A proceeding under . .. [Rule 32] displaces all post-trial remedies except post-trialmotions under Rule 24 and appeal. Any other post-convictionpetition seeking relief from a conviction or sentence shall betreated as a proceeding under this rule." Rule 32.4 (emphasis added).
 "Rule 32 should not be viewed as foreclosing this important post-conviction remedy [habeas corpus] which is designed to do justice in those cases where there has been an injustice. . . .
". . . .
 "Alabama affords a post-conviction remedy by statutory habeas corpus, Ala. Code 1975, §§ 15-21-1
through 15-21-34, and by the common law writ of error coram nobis. Goodwin v. Holman, 361 F.2d 403
(5th Cir. 1966). Rule 32 is designed to provide the procedure for the securing [of] the benefits of either writ, if grounds for relief are shown, of course. . . .
 "Many of the statutory provisions contained in Alabama Code 1975 §§ 15-21-1 through 15-21-34, have been incorporated into Rule 32, and if any of the provisions of these sections regulate procedure in habeas corpus proceedings, they shall apply only 'if the procedural subject matter is not governed by rules of practice and procedure adopted by the supreme court of Alabama.' Ala. Code 1975, § 15-1-1.
". . . .
 "Rule 32 deals only with the procedure for filing what were classified under prior practice as petitions for habeas corpus and petitions for writ of error coram nobis. . . .
". . . .
 ". . . Rule 32.1 specifically states that the scope of the Rule is for 'any defendant *Page 212 
who has been convicted of a criminal offense.' Petitions for habeas corpus in other settings apparently would not be governed by Rule 32, but would be governed by statutory provisions contained in Alabama Code 1975 §§ 15-2[1]-1 through 15-2[1]-34."
H. Maddox, Alabama Rules of Criminal Procedure 781-83 (1990) (emphasis in original).
 II.
The original petition for writ of habeas corpus sought relief under the ground stated in Rule 32.1(c), A.R.Crim.P.: "The sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law." In Davis v. State,571 So.2d 1287, 1289 (Ala.Cr.App. 1990), this Court held:
 "The ground stated in Rule 20.1(c) [now, Rule 32.1(c)], i.e., '[t]he sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law,' is not subject to the two-year period of limitations of Rule 20.2(c) [now Rule 32.2(c)] under the very language of Rule 20.2(c) [Rule 32.2(c)] itself."
Under Rule 32.2, A.R.Crim.P., the two-year period of limitations in which a petition for post-conviction relief must be filed applies only to the grounds specified in Rule 32.1(a), (e), and (f). Davis, 571 So.2d at 1288.
 III.
The circuit court improperly dismissed the petition in this case on the ground that the issue was not raised on direct appeal.
The procedural bar stated in Rule 32.2(a)(5) that the matter could have been raised on direct appeal applies equally to a petition for post-conviction relief under Rule 32 and to a petition for writ of habeas corpus. "[M]atters that could have been considered on appeal cannot be reviewed by a writ of habeas corpus." Fields v. State, 407 So.2d 186, 187
(Ala.Cr.App. 1981). "It is the settled rule that habeas corpus cannot be made the substitute for appeal or writ of error."Sykes v. Hale, 283 Ala. 244, 215 So.2d 458 (1968).
However, in neither habeas corpus nor post-conviction relief is a jurisdictional issue regarding sentencing procedurally barred because the issue was not raised on appeal. "The issue of an illegal or improper sentence may be raised in a petition for post-conviction relief even where no objection was raised at sentencing. Ex parte Brannon, 547 So.2d 68 (Ala. 1989)."Stokes v. State, 555 So.2d 254, 256 (Ala.Cr.App. 1989). "Unless the jurisdiction of the sentencing court is questioned, errors in its judgment can not be corrected [in a petition for writ of habeas corpus]." Note, Post-conviction Remedies in Alabama, 29 Ala. L.Rev. 617, 622 (1978).
In this particular case, the jeopardy issue was not waived by the petitioner's plea of guilty. In United States v. Broce,488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the United States Supreme Court held that defendants who had pleaded guilty to indictments which, on their faces, described two separate conspiracies, could not collaterally attack their guilty pleas by presenting evidence outside the record to show that the two conspiracies were a single conspiracy for which double jeopardy precluded multiple convictions. That case is distinguishable because, here, the indictments do not describe separate incidents of possession[1] and the petitioner has proved his claim without contradicting those indictments.
Here, the State admits that the petitioner "was charged with possession of controlled substances arising out of the same incident in two separate indictments." The rule is that "where, . . . there is but a single point of control in time and place over several types of controlled substances, only a single offense has been committed, the offense of possession of controlled substances, *Page 213 
and only one sentence is authorized." Vogel, 426 So.2d at 882.
Therefore, the judgment of the circuit court denying and dismissing the petition for post-conviction is reversed. This cause is remanded to the circuit court with directions that the circuit court set aside one of the petitioner's two sentences in convictions CC 82-947 and CC 82-948. Although the second conviction need not be set aside, the petitioner can be sentenced for only one offense.
REVERSED AND REMANDED.
All Judges concur.
[1] Except for the controlled substance, the indictments are identical in alleging that the petitioner "on to-wit: May 26, 1982, while at or near Bessemer City Jail, Bessemer, Jefferson County, Alabama, did unlawfully possess" Diazepam and Hashish. R. 9-10.