COBB, Judge.
On May 25, 2000, pursuant to a negotiated plea agreement, Mark Caddell pleaded guilty to failing “to register [as a convicted adult sex offender] with the Sheriff of the County of his legal residence within thirty days” and to giving a false name to a police officer. (C.R.8.) The trial court sentenced him, as a habitual felony offender, to five years for violating the Community Notification Act and to one year for the conviction for giving a false name; the sentences were to run concurrently. As part of his plea agreement, Caddell did not appeal. On September 15, 2000, Caddell filed a Rule 32, Ala. R.Crim. P., petition. After the State had responded, the circuit court held an evidentiary hearing on November 3, 2000. On May 2, 2001, the circuit court denied Caddell’s petition. This appeal followed.[1]
Although Caddell does not contest on appeal the legality of his sentence, we *88 must nonetheless review the legality of his sentence. Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994) (“Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.”).
As far as we can determine from the limited record before us, Caddell was convicted in Illinois of aggravated criminal sexual abuse and was sentenced to prison there. Upon release from prison in Illinois, Caddell, who had been an Alabama resident before he was arrested and incarcerated in Illinois, returned to Alabama. In 1999, Caddell was arrested and charged with failing to abide by the Community Notification Act, §§ 15-20-20 et seq., Ala. Code 1975 (hereinafter “the Act”). Cad-dell was indicted as follows:
“The Grand Jury of said County further charge[s] that before the finding of this Indictment Mark Caddell, alias Mark Durrell Caddell, alias Mark Ca-dell, the true or Christian name of whom being otherwise unknown to the Grand Jury, a resident of Alabama who has heretofore been convicted in the Criminal Court of Ir[o]quois County, Illinois of the crime of Aggravated Criminal Sexual Abuse did fail or refuse to register with the Sheriff of the County of his legal residence within thirty days following his move of residence within Talla-poosa County, in violation of Section 15-20-22(d) of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C.R.8.)
We note that § 15-20-22(d), Ala. Code 1975, was not a part of the version of the Act that was in effect at the time Caddell was indicted and pleaded guilty. Caddell was indicted on September 17, 1999, and the Act had been amended effective September 1, 1999.[2] Before the September 1, 1999, amendment, the Act provided that the type of offense for which Caddell was indicted was a Class C felony.[3] However, the amendments provided that the type of offense for which Caddell was indicted was a Class A misdemeanor. If Caddell was sentenced under the version of the Act effective before the September 1, 1999, amendments, his five-year sentence for a felony conviction would be appropriate; however, if he was sentenced under the Act as amended effective September 1, 1999, his five-year sentence — imposed for a misdemeanor conviction — would be illegal. See §§ 13A-5-6(a)(3) and 13A-5-7(a)(1), Ala.Code 1975. Thus, whether Cad-dell’s five-year sentence is illegal depends upon which version of the Act was in effect at the time he committed the offense. Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App.1990).
Although it is likely that Caddell was charged, convicted, and sentenced under the version of the Act in effect before the 1999 amendments, we cannot determine which version of the Act was in effect at the time of the commission of the offense because, after reviewing the limited record before us, we cannot determine the date the offense occurred. Because this information is necessary to determine whether the appellant was properly sentenced, we remand this cause for the circuit court to determine when the offense occurred and which version of the Act dictated Caddell’s sentence. The circuit court may review its own record of the guilty plea proceedings, or it may hold an evidentiary hearing, if necessary. If the circuit court determines *89 that the offense occurred after the September 1, 1999, amendments became effective, it may of its own accord hold proceedings to resentence Caddell according to the sentencing guidelines for a Class A misdemeanor, or it may order CaddelPs release if he has served his time. Due return shall be made to this Court within 21 days of the release of this opinion.
We pretermit discussion of the other issues presented by Caddell on appeal until due return of this cause has been made to this Court.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and SHAW, J., concur. WISE, J., dissents, with opinion, which BASCHAB, J., joins.

. Caddell states in his brief on appeal that he is not taking issue with his false-name conviction; rather, in his petition, he collaterally attacked only his conviction for failing to register.

. In fact, § 15-20-22 was repealed and a new § 15-20-22 was added as part of that amendment of the Act. See Act No. 99-572, Ala. Acts 1999.

. See, e.g., § 15-20-24, Ala.Code 1975.