BURKE, Judge.
James Lynn Canyon appeals the circuit court’s summary dismissal of his Rule 32, Ala. R.Crim. P., petition for postconviction relief, challenging his January 22, 2001, guilty-plea convictions of third-degree burglary, first-degree theft of property, second-degree theft of property, and the possession of a forged instrument and the resulting 20-year sentences, to be served concurrently. His filing fee was waived. Canyon did not directly appeal his convictions and sentences.
Canyon states that he mailed this, his first, Rule 32 petition on May 15, 2015. As his ground for relief, Canyon argued that the circuit court lacked jurisdiction to accept his guilty plea because, he argued, his constitutional right to be protected from double jeopardy was violated. Canyon contended that his charges and convictions *872 of first-degree theft of property and second-degree theft of property arose from the same acts, facts, and circumstances. Specifically, he alleged that the thefts were of various property taken from the same victim during the same burglary. Canyon further argued that he was improperly convicted of the offense of first-degree theft of property and the lesser-included offense of second-degree theft of property.
The State filed a motion to dismiss, arguing that Canyon committed four separate offenses and that, therefore his claim lacked merit; the State argued that the pistol taken from the victim’s house was the basis for the second-degree-theft-of-property conviction and the other items, including knives, a video-cassette recorder, and a microwave, taken from the victim’s home were the basis for the first-degree-theft-of-property charge. The State argued that the offenses were not lesser-included offenses and that the claim was not a jurisdictional one. The State also argued that Canyon’s claim was precluded because it could have been, but was not, raised at trial or on appeal, Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P., and that his petition was time-barred pursuant to Rule 32.2(c), Ala. R.Crim. P.
Thereafter, the circuit court issued an order finding that Canyon’s claim lacked merit, that it was precluded by Rule 32.2(a)(3) and (5), and that it was time-barred by Rule 32.2(c).
On appeal, Canyon argues that his petition should not have been summarily dismissed because, he argues, the circuit court lacked jurisdiction over his case in that his right to be free from double jeopardy was violated when he was convicted of theft of property in the first degree and theft of property in the second degree as a result of the same burglary.
“ ‘[JJurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu. Horn v. Dunn Brothers, Inc., 262 Ala. 404, 79 So.2d 11 (1955).’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).” Ex parte Kelley, [Ms. 1131451, November 6, 2015] — So.3d -, - (Ala.2015). “Because this issue is jurisdictional in nature, we can review it at any time. See Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).” Pender v. State 740 So.2d 482, 484 (Ala.Crim.App.1999).
“[T]his double jeopardy claim goes to the jurisdiction of the trial court to render judgment. In Ex parte McKelvey, 630 So.2d 56 (Ala.1992), the Alabama Supreme Court examined the double jeopardy issue whether the imposition of separate sentences for convictions arising from the same act was improper under the ground specified in Rule 32.1(b): ‘The court was without jurisdiction to render judgment or to impose sentence.’ It stands to reason that if the double sentencing issue is cognizable, then a double conviction issue is cognizable. See also Salter v. State, 606 So.2d 209 (Ala.Cr.App.1992) (the appellant’s failure to raise on direct appeal the claim that he was guilty of only one offense of possession instead of the two offenses for which he was convicted, arguing that his possession of the two controlled substances was simultaneous, did not bar consideration of that issue in a Rule 32 proceeding because that issue presents a jurisdictional claim, not barred by the expiration of the Rule 32 limitations period because it falls within Rule 32.1(c), that is, ‘[t]he sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law1). Accordingly, we find that Rolling’s double jeopardy/jurisdictional issue is not precluded by operation of the limitations period.”
*873 Rolling v. State, 673 So.2d 812, 816 (Ala.Crim.App.1995) (footnote omitted)(Rolling was convicted of the felony murder and reckless manslaughter of the same victim and was sentenced to concurrent terms of life imprisonment and 10 years’ imprisonment, respectively, and was granted relief on Rule 32 petition.). In Salter v. State, 606 So.2d 209 (Ala.Crim.App.1992), this Court determined that Salter could raise in a Rule 32 petition his double-jeopardy claim although he had pleaded guilty because, as a jurisdictional matter, he could not be convicted twice of possession of controlled substances for possessing two different types of narcotics in a single point of control at a single time at a single place. See also Pardue v. State, 571 So.2d 320, 329-30 (Ala.Crim.App.1989), rev’d on other grounds, 571 So.2d 333 (Ala.1990) (Pardue was improperly convicted of first- and second-degree theft of property where the convictions were based on a single theft of the same property stolen from the same victim in the same burglary).
We note that there was no impropriety as to Canyon’s burglary conviction and one of the theft-of-property convictions. Because the circuit court imposed concurrent sentences of 20 years’ imprisonment for Canyon’s burglary conviction and his theft conviction, there was no double-jeopardy error.
“[T]he appellate courts of this state have consistently held that where a defendant is charged with both burglary and; theft (or larceny) arising from a transaction that is the foundation for both charges, the defendant may receive only one punishment. Vason v. State, 574 So.2d 860, 863 (Ala.Crim.App.1990) (holding that although the defendant could receive only one sentence for two offenses arising out of the same transaction, the defendant was properly convicted of both burglary and theft that arose from the same transaction); Ex parte Harmon, 543 So.2d 716, 717 (Ala.1988) (in which this Court, reversed- the Court of Criminal Appeals’ holding that the defendant had not preserved for, review the issue of his consecutive sentences'for convictions of burglary and theft, and remanded the case to the Court of. Criminal Appeals ‘to determine whether [the defendant] was in fact subject to the imposition of separate sentences’); Gray v. State, 338 So.2d 444 (Ala.Cr.App.), cert. denied, 338 So.2d 445 (Ala.1976); Wade v. State, 42 Ala.App. 400, 401, 166 So.2d 739 (1964) (the Court of Appeals held that ‘where the same transaction supports both grand larceny [now theft] and burglary, on conviction there can be but one punishment’); Wildman v. State, 42 Ala.App. 357, 165 So.2d 396 (1963), writ denied, 276 Ala. 708, 165 So.2d 403 (1964) (the Adabama Court of Appeals held that ‘[g]rand larceny and burglary are of the same kindred of crimes,’ and that ‘[w]here the identical transaction is the foundation, a verdict of guilt of one excludes a like finding of the other’; modified on rehearing to hold that the statutory prohibition .against double punishment does not'forbid convictions for both charges and does not forbid concurrent sentences— only double punishment).”
Ex parte McKelvey, 630 So.2d 56, 57-58 (Ala.1992)(footnote omitted). See also Brown v. State, 821 So.2d 219, 225 (Ala.Crim.App.2000)(“A court may sentence a defendant for burglary and theft if the sentences are made concurrent, rather than consecutive.”).
There was no dispute as - to the facts supporting this claim. All of the items were taken from the same victim at the same time. The State argued that, because the pistol taken from the victim dur *874 ing the burglary was the basis for the second-degree-theft-of-property charge, while the other “specifically stated items” were the basis for the first-degree-theft-of-property charge, there was no double-jeopardy violation. (C. 52.) The circuit court then determined that Canyon’s claim lacked merit and that it was precluded. Because Canyon’s convictions of theft of property in the first degree and theft of property in the second degree violated double-jeopardy principles, we are reversing the circuit court’s judgment and remanding this case to the circuit court to vacate one of those convictions and the accompanying sentence and enter a new judgment. Due return shall be made to this Court within 28 days of this decision.
REVERSED AND REMANDED WITH INSTRUCTIONS*
WELCH and KELLUM, JJ., concur.
JOINER, J., dissents, with opinion,
WINDOM, P.J., joins in dissent.

 Note from the reporter of decisions: On September 2, 2016, on return to remand, the Court of Criminal Appeals affirmed, without opinion,