Rel: July 3, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2025

_____

### SC-2024-0771
_____

**Ex parte State of Alabama**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: Trevor Lynn Cofer**

**v.**

**State of Alabama)**

**(Lee Circuit Court: CC-20-761;
Court of Criminal Appeals: CR-2023-0008)**

SELLERS, Justice.

WRIT QUASHED.  NO OPINION.

Stewart, C.J., and Wise, Bryan, Mendheim, Cook, and Lewis, JJ., concur.

Shaw, J., dissents, with opinion.

McCool, J., recuses himself.

SC-2024-0771

SHAW, Justice (dissenting).

The State of Alabama petitioned this Court for certiorari review of the decision of the Court of Criminal Appeals holding that the probationary sentences of the respondent, Trevor Lynn Cofer, exceeded the maximum allowed by law. See Cofer v. State, [Ms. CR-2023-0008, May 3, 2024] ___ So. 3d ___ (Ala. Crim. App. 2024). This Court granted the certiorari petition and now quashes the writ, without an opinion. I respectfully dissent.

On the evening of October 13, 2019, Cofer was caught near the window of his 19-year-old female neighbor. A search of his cellular telephone revealed several videos he had taken through her window showing her in various stages of undress. After a jury trial, Cofer was found guilty of four counts of voyeurism in the first degree. See § 13A-11-41, Ala. Code 1975. For 3 of those counts, the Lee Circuit Court sentenced Cofer to 10 years' imprisonment; those sentences were split, and Cofer was ordered to serve 117 days in confinement followed by 8 years on probation. For the fourth count, the trial court sentenced him to 10 years' imprisonment; the sentence was split, and Cofer was ordered to serve 1 year in confinement followed by 8 years on probation.

3

Cofer appealed to the Court of Criminal Appeals. That court affirmed his convictions but found that the terms of probation exceeded that allowed by law:

"Although not mentioned by either party, we take notice that the probationary terms of Cofer's split sentences are illegal. It is well settled that '[m]atters concerning unauthorized sentences are jurisdictional.' Hunt v. State, 659 So. 2d 998, 999 (Ala. Crim. App. 1994). Therefore, this Court may take notice of an illegal sentence 'at any time and may do so even ex mero motu.' Moore v. State, 40 So. 3d 750, 753 (Ala. Crim. App. 2009). See also Ex parte McGowan, 346 So. 3d 10, 13 (Ala. 2021) ('This Court has routinely held that the imposition of a sentence in a criminal case that is not authorized by statute creates a jurisdictional defect that is nonwaivable and that can be raised at any time.').

"Voyeurism in the first degree is a Class C felony. See § 13A-11-41(b), Ala. Code 1975. At the time of the crimes, § 15-18-8(b), Ala. Code 1975, provided,[3] in relevant part:

"'(b) Unless a defendant is sentenced to probation, drug court, or a pretrial diversion program, when a defendant is convicted of an offense that constitutes a Class C or D felony offense and receives a sentence of not more than 15 years, the judge presiding over the case shall order that the convicted defendant be confined in a prison, jail-type institution, treatment institution, or community corrections program for a Class C felony offense or in a consenting community corrections program for a Class D felony offense, except as provided in subsection (e), for a period not exceeding two years in cases where

4

the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for a period not exceeding three years and upon such terms as the court deems best.'

"(Emphasis added.) Although both the base sentences -- 10 years' imprisonment -- and the confinement portion of the sentences -- 117 days' and 1 year's imprisonment -- were legal, the 8-year probationary terms exceeded the maximum authorized by § 15-18-8(b).

"Based on the foregoing, we affirm Cofer's convictions for four counts of voyeurism in the first degree. However, we remand this cause for the trial court to conduct another sentencing hearing, at which Cofer is entitled to be present and represented by counsel, and to impose probationary terms in accordance with § 15-18-8(b) as it read at the time of the crimes. Because both the base sentences and the confinement portions of the sentences were legal, they may not be changed. Due return shall be filed within 63 days of the date of this opinion and shall include a transcript of the sentencing hearing conducted on remand and the trial court's amended sentencing order.

_____

"[3]Generally, '[a] defendant's sentence is determined by the law in effect at the time of the commission of the offense.' Davis v. State, 571 So. 2d 1287, 1289 (Ala. Crim. App. 1990)."

Cofer v. State, ___ So. 3d at ___.[1]

On remand, the trial court complied with the Court of Criminal Appeals' instructions and reduced the probationary terms of Cofer's split sentences to three years. On August 9, 2024, on return to remand, the Court of Criminal Appeals affirmed the trial court's judgment in an unpublished memorandum. The State sought certiorari review.

In this Court, the State contends that the three-year restriction on probationary terms found in the version of § 15-18-8(b), Ala. Code 1975, that is applicable in this case does not apply. Specifically, the State points to the then applicable version of § 13A-5-6(a)(3), Ala. Code 1975, which provided:

> "(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
>
> "....
>
> "(3) For a Class C felony, not more than 10 years or less than 1 year and 1 day and must be in accordance with

---

[1]It would appear that the State could not seek certiorari review of this initial decision remanding the case to the trial court. See Ex parte Harris, 947 So. 2d 1139, 1141-42 (Ala. 2005) (holding that when the Court of Criminal Appeals remands a case and has expressly directed a return to its remand order, the decision is not treated as "final" for purposes of seeking certiorari review).

subsection (b) of Section 15-18-8[, Ala. Code 1975,] unless sentencing is pursuant to Section 13A-5-9[, Ala. Code 1975,] or the offense is a sex offense pursuant to Section 15-20A-5[, Ala. Code 1975]."

(Emphasis added).[2]  In other words, at the time of Cofer's offenses, if a conviction for a Class C felony was a sex offense as described in § 15-20A-5, Ala. Code 1975, then the sentence need not have been "in accordance with" the three-year restriction on probationary sentences found in the applicable version of § 15-18-8(b).

The State contends that first-degree voyeurism is a sex offense as provided in § 15-20A-5.  That Code section explicitly lists certain offenses deemed to be sex offenses; first-degree voyeurism is not one of them.  However, § 15-20A-5 contains certain subsections clearly intended to include offenses not specifically listed.  Applicable here, § 15-20A-5(39) specifies as a "sex offense" the following:

"(39) The foregoing notwithstanding, any crime committed in any jurisdiction which, irrespective of the

---

[2]The emphasized portion was added to the Code section by Ala. Acts 2019, Act No. 2019-465, and became effective September 1, 2019.  It is applicable in this case because it was in effect at the time the underlying offenses occurred in late September to mid October 2019.  Davis v. State, 571 So. 2d 1287, 1289 (Ala. Crim. App. 1990).  It was removed by amendment in 2023.  See Ala. Acts 2023, Act No. 2023-461.

7

specific description or statutory elements thereof, <u>is in any way characterized or known as</u> rape, carnal knowledge, sodomy, sexual assault, sexual battery, criminal sexual conduct, criminal sexual contact, sexual abuse, continuous sexual abuse, sexual torture, solicitation of a child, enticing or luring a child, child pornography, lewd and lascivious conduct, taking indecent liberties with a child, molestation of a child, criminal sexual misconduct, <u>video voyeurism</u>, or there has been a finding of sexual motivation."

(Emphasis added.) Therefore, "any crime" that "is in any way characterized or known as … video voyeurism" is a sex offense under § 15-20A-5.

First-degree voyeurism is defined as follows:

"A person commits the crime of voyeurism in the first degree if, for the purpose of arousing or gratifying the sexual desire of any person, he or she knowingly photographs or films the intimate areas of another person, whether through, under, or around clothing, without that person's knowledge and consent and under circumstances where the person has a reasonable expectation of privacy, whether in a public or private place."

§ 13A-11-41(a). The phrase "photographs or films" is defined as: "The making of a photograph, motion picture film, videotape, digital image, digital video, or any other recording or transmission of the image or recording of a person." § 13A-11-40(a)(2), Ala. Code 1975.

Clearly, the offenses in this case constitute "video voyeurism." Section 13A-11-41(a) defines the crime of "voyeurism," and the

8

undisputed evidence indicated, and the State proved, that Cofer had committed "voyeurism" by making "digital videos" of the victim. Cofer's crimes are clearly "characterized" as "video voyeurism." § 15-20A-5(39). As the State describes in its opening brief, Cofer's crimes "could not be more aptly described than [as] 'video voyeurism.'" State's brief at 31.

Here, voyeurism in the first degree is a sex offense. Thus, by operation of the applicable version of § 13A-5-6(a)(3), the three-year restriction on probationary terms found in the applicable version of § 15-18-8(b) did not apply. I would reverse the decision of the Court of Criminal Appeals holding otherwise and remand the case for that court to reconsider Cofer's original probationary sentences in light of the above. I also note that if the legislature intended that all acts of first-degree voyeurism be designated as a sex offense, and not just those that involve the use of video, then § 15-20A-5 should be amended to list that crime as a sex offense.